## GEORGETOWN NATIONAL BANK *v.* McFARLAND ET AL.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 78.   Argued December 13, 1926.—Decided March 21, 1927.

Upon the question of fact whether capital invested by individuals in bonds and other securities, was so invested as to come in competition with national banks (Rev. Stats. § 5219), this Court will accept the negative finding of the state court, where the evidence is in some particulars conflicting and the finding is supported by evidence and not certainly against the weight of evidence.   P. 570.

So *held* where the evidence fell short of establishing that the capital was employed substantially as in the loan and investment features of banking in making investments by way of loan or discount or in notes, bonds, and other securities, with a view to sale or repayment and reinvestment.

208 Ky. 7, affirmed.

ERROR to a judgment of the Court of Appeals of Kentucky which reversed a judgment for the plaintiff in a suit to enjoin the sheriff and other taxing officials of Scott County, Kentucky, from assessing or collecting taxes on the shares of the Bank.

*Mr. T. Kennedy Helm,* with whom *Messrs. J. Craig Bradley, Edmund F. Trabue, Victor A. Bradley, James*

*Bradley,* and *James W. Stites* were on the brief, for plaintiff in error.

Mr. *H. Church Ford,* with whom *Messrs. James B. Finnell* and *W. S. Kelly* were on the brief, for defendants in error.

MR. JUSTICE STONE delivered the opinion of the Court.

The plaintiff in error, a national banking association located in Scott County, Kentucky, brought suit in the circuit court of that county to enjoin defendants in error, tax officials of the county, from assessing or collecting taxes on the shares of stock of plaintiff in error on the ground that the assessment and tax were at a higher rate than that assessed on moneyed capital employed in competition with the business of national banks, and hence prohibited by § 5219 of the Revised Statutes of the United States. Judgment for the plaintiff was reversed by the Court of Appeals of Kentucky. The case comes here on writ of error and disposition of it may be made upon the principles applied in *First National Bank of Hartford* v. *City of Hartford, ante,* p. 548.

By § 4019*a,* sub-section 10 (Carroll Ky. Stat. 1922), money in hand, notes, bonds and other credits, whether secured by mortgage, pledge or otherwise, or unsecured, are subject to taxation for state purposes only at the rate of forty cents per one hundred dollars. By § 4092 of the same act, shares in national banks, state banks and trust companies are placed in a separate class and made subject both to the state tax at the forty-cent rate and to local taxes as well. The statute thus discriminates in favor of moneyed capital in the form of credits which are subject only to the state tax.

Plaintiff in error, seeking to establish that the favored capital was in competition with national banks, relied

principally upon the proof that there were substantial amounts of capital invested in the state by individuals in bonds, notes, accounts and mortgages, aggregating approximately $1,500,000, which it is contended represents moneyed capital in competition with national banks. But plaintiff made no attempt to show that there were other businesses or courses of investment in the state employing moneyed capital in competition with its business or that of other national banks. The evidence with respect to capital invested by individuals, taken as a whole, falls short of establishing that the capital thus used is employed substantially as in the loan and investment features of banking in making investments by way of loan or discount or in notes, bonds and other securities, with a view to sale or repayment and reinvestment.

The Court of Appeals of Kentucky, following the state practice, reviewed the evidence, concluding from it that " no material part of the capital held by the individuals is so invested as to come in competition with the national banks."

The evidence is set forth in the record. In some particulars it is conflicting and the conflicts are such that their resolution by the Court of Appeals should be accepted by us. It cannot be said either that the finding is without evidence to support it or that it certainly is against the weight of the evidence. In the course of the opinion the Court of Appeals gave more attention than we think justified to the difference between short-time and long-time loans and to the readiness with which the banks obtain loans, notwithstanding the competition alleged, but even after making due allowance for this we think the finding should not be disturbed. It does not depart from but gives effect to the principles announced in the decision just made in *First National Bank of Hartford* v. *City of Hartford.*

*Affirmed.*