## BROTHERHOOD CO-OP. NAT. BANK et al. v. HURLBURT, Sheriff and Tax Collector.

District Court, D. Oregon, August 8, 1927.

No. 8911.

1. **Taxation ⬅11—National bank shares and property can be taxed by state only in conformity with restrictions attached to consent of Congress.**

National banks are agencies of general government, and their property and shares of stock cannot be taxed by state without consent of Congress, and then only in conformity with restrictions attached to such consent.

2. **Taxation ⬅12—State law, which discriminates in taxation against national bank shares and in favor of moneyed capital invested substantially as loan or investment feature of banking, is invalid (12 USCA § 548).**

Under Rev. St. § 5219, as amended (12 USCA § 548), any state law which clearly discriminates in matter of taxation against national bank shares and in favor of moneyed capital invested in state or private banks, or by way of loans, discounts, or otherwise in notes, bonds, and other securities, with a view to sale or reinvestment, substantially as loan or investment feature of banking, is invalid.

3. **Taxation ⬅611(5)—Allegations held to show discrimination in tax levied against national bank shares and competing moneyed capital in violation of statute (12 USCA § 548).**

In suit to enjoin collection of taxes assessed and levied on shares of national bank stock, complaint alleging that aggregate total of capital surplus and undivided profits of national bank in county was approximately $12,000,000, that moneyed capital in hands of individual citizens in county, exclusive of notes secured by mortgages and tax-exempt bonds, was $50,000,000, that total amount of money, notes, and accounts in hands of individual citizens assessed for taxation in county was $14,501,630, and that mortgage loan companies, finance companies, etc., with substantial capital directly

competing with plaintiffs' business paid no tax at all, and other facts, *held* to show discrimination in tax levied against bank shares and competing moneyed capital, in violation of Rev. St. § 5219, as amended (12 USCA § 548), authorizing taxation of national bank shares.

**4. Taxation ⚖══12—Law exempting from taxation notes secured by mortgages and bonds issued for highway purposes is discrimination against assessment of national bank shares (Or. L. § 4235 [as amended by Laws 1925, p. 485]; Laws Or. 1921, p. 688; 12 USCA § 548).**

Or. L. § 4235 (as amended by Laws 1925, p. 485), and Laws Or. 1921, p. 688, exempting from taxation notes secured by recorded mortgages on real estate and bonds issued for highway purposes, where large amount of moneyed capital is invested therein, substantially as loan or investment feature of banking, is discrimination against assessment of national bank shares, and prohibited by Rev. St. § 5219, as amended (12 USCA § 548).

**5. Taxation ⚖══609—Complainants, seeking to enjoin collection of taxes on national bank shares for discrimination, need not first seek relief from county and state authorities (12 USCA § 548).**

Complainants, seeking to enjoin collection of taxes assessed and levied on shares of national bank stock, for reason that such taxes were in violation of Rev. St. § 5219, as amended (12 USCA § 548), because competing moneyed capital was not assessed at all, or, if assessed, was assessed at much lower rate than that imposed on national bank shares, did not have to first seek relief from county and state authorities, since latter had no power to grant plaintiffs relief prayed for.

**6. Taxation ⚖══610—Where claim was that entire tax was void, tender was not necessary as condition to relief (12 USCA § 548).**

In suit to enjoin collection of taxes assessed and levied on national bank shares, where claim was that entire tax was void, because in violation of Rev. St. § 5219, as amended (12 USCA § 548), sanctioning assessment of bank shares, tender was not necessary as condition to relief.

In Equity. Suit by the Brotherhood Co-Operative National Bank and others against T. M. Hurlburt, as Sheriff and Tax Collector of Multnomah County, Or., to enjoin collection of certain taxes. Defendant moves to dismiss. Motion overruled.

S. J. Graham and J. O. Stearns, Jr., both of Portland, Or., for complainants.

Stanley Myers, Dist. Atty., and George Mowry, Deputy Dist. Atty., both of Portland, Or., for defendant.

BEAN, District Judge. The motion to dismiss will be overruled. The suit is brought by various national banks, located in Portland, to enjoin the sheriff and tax collector of Multnomah county from collecting taxes assessed and levied on their shares of stock, for the reason that such taxes are in violation of the federal law. The defendant moved to dismiss on the ground (1) that it does not sufficiently appear from the complaint that the moneyed capital alleged to be owned by individual citizens or invested in tax-exempt notes and bonds comes into substantial competition with the plaintiffs in the conduct of their business; (2) that the court is without jurisdiction, for it does not appear that the complainants have sought relief by application to the county and state authorities; and (3) that it is not alleged that the complainants have paid, or tendered, or offered to pay, such taxes as may be legally assessed against their shares of stock.

[1, 2] 1. National banks are agencies of the general government, and their property and shares of stock cannot be taxed by a state without the consent of Congress, and then only in conformity with the restrictions attached to such consent. Des Moines Nat. Bank v. Fairweather, 263 U. S. 103, 44 S. Ct. 23, 68 L. Ed. 521. Congress has sanctioned the taxation of shares of national banks in the state in which located, subject to the restriction that the taxation is not to be "at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state coming into competition with the business of national banks." Section 5219, Rev. Stats., as amended March 4, 1923, c. 267, 42 Stat. 1499 (12 USCA § 548). The purpose of this limitation is to render it impossible for a state, in levying taxes, to create and foster an unequal or unfriendly competition with national banks, by favoring individuals or institutions carrying on a similar business or operating a business of like character. Any state law, therefore, which clearly discriminates in the matter of taxation against national bank shares; and in favor of moneyed capital invested in shares in state or private banks, or by way of loans, discounts, or otherwise in notes, bonds, or other securities, with a view to sale or reinvestment, substantially as the loan or investment feature of banking, is invalid. Mercantile Nat. Bank v. City of New York, 121 U. S. 138, 7 S. Ct. 826, 30 L. Ed. 895; First Nat. Bank v. Anderson, 269 U. S. 341, 46 S. Ct. 135, 70 L. Ed. 295; Merchants' Nat. Bank v. Richmond, 256 U. S. 635, 41 S. Ct. 619, 65 L. Ed. 1135; First National Bank of Hartford v. City of Hartford, 47 S. Ct. 462, 71 L. Ed. 767, Mar. 21, 1927.

The complaint in this case, after alleging the corporate capacity of the plaintiffs, that

the aggregate total of capital, surplus, and undivided profits of national banks in Multnomah county is approximately $12,000,000, and in the state $23,000,000, avers that in compliance with the laws of Oregon each complainant furnished the county assessor a verified statement showing the amount and number of shares of its capital stock, the amount of its surplus and undivided profits, and based thereon there was assessed and levied against the shareholders of each of plaintiffs, to be paid by the bank in a lump sum, certain taxes, and that a warrant for the collection thereof has been issued and placed in the hands of defendant; that at the time the assessments in question were made there was in the hands of and owned by individual citizens residing in Multnomah county moneyed capital amounting in the aggregate to $50,000,000, and in the state to at least $75,000,000 (exclusive of notes secured by recorded real estate mortgages and tax-exempt bonds), "all of which money and capital came into substantial competition with complainants and other national banks in the conduct of their business"; that the total amount of money, notes, and accounts in the hands of individual citizens assessed for taxation in the county of Multnomah was $14,501,630, and in the state $17,109,812; that mortgage loan companies, finance corporations, investment bankers, and like corporations, "with a substantial capital directly competing with plaintiffs' business, paid no taxes at all, or a tax on the basis of approximately 1 per cent. of the tax that would have been paid if they had been assessed and taxed upon the same basis as the shareholders of plaintiffs had been assessed and taxed"; that at the time the assessment was made the aggregate total of competing capital in the hands of individual citizens of Multnomah county and elsewhere, invested in notes secured by recorded mortgages on real estate in the county, approximated the sum of $100,000,000, and in the state not less than $200,000,000, all of which is exempt from taxation; that competing capital to the extent of approximately $20,000,000 was invested in bonds of the state, which are by law exempt from taxation; that complainants, as part of their business, make real estate money loans to a very limited amount, and frequently accept such loans as collateral security.

[3, 4] These allegations are, in my judgment, sufficient, if true, to show a violation of the federal statute authorizing the taxation of national bank shares within the doctrine of First Nat. Bank v. Anderson, 269

U. S. 341, 46 S. Ct. 135, 70 L. Ed. 295. Indeed, they are more definite and certain than the allegations of the complaint in the case referred to. They sufficiently apprise the defendant of the case he is required to meet. It may be suggested that, because the laws of the state on their face require all property (except such as is exempt from taxation), real and personal, including bank shares, to be assessed (Or. L. § 4232) at its true cash value and taxed at the same rate (section 4268, as amended Laws 1925, p. 167, and section 4269), the mere failure or neglect of the tax officials to assess all moneyed capital subject to taxation coming in competition with the business of national banks will not invalidate the tax on bank shares, unless the omission was intentional and systematic. Southern R. Co. v. Watts, 260 U. S. 519, 43 S. Ct. 192, 67 L. Ed. 375.

This question, however, if important, may be reserved for further consideration. The state law expressly exempts from taxation notes secured by recorded mortgages on real estate and bonds issued for highway purposes. Section 4235 (as amended by Laws 1925, p. 485); Laws of 1921, p. 688. And if, as alleged, the large amount of moneyed capital thus invested is invested substantially as the loan or investment feature of banking, the exemption of such property from taxation is a discrimination against the assessment of bank shares, and prohibited by the statutes. Georgetown National Bank v. McFarland et al., 47 S. Ct. 467, 71 L. Ed. 779 (March 21, 1927); First National Bank of Hartford v. City of Hartford, 47 S. Ct. 462, 71 L. Ed. 767 (March 21, 1927); Minnesota v. First National Bank of St. Paul, 47 S. Ct. 468, 71 L. Ed. 774 (March 21, 1927). It is true the Supreme Court held in Adams v. Nashville, 95 U. S. 19, 24 L. Ed. 369, and in Hepburn v. School Directors, 23 Wall. (90 U. S.) 480, 23 L. Ed. 112, that the exemption by a state from taxation of bonds and mortgages did not necessarily invalidate the taxation on national bank shares. But these decisions were made at a time when national banks were prohibited from making loans on real estate, and that prohibition has been partially withdrawn and the field opened to such banks by Act Dec. 23, 1913, c. 6, § 24 (38 Stat. 273) and Act Sept. 7, 1916, c. 461 (39 Stat. 754) being 12 USCA § 371. First Nat. Bank v. Anderson, supra; First Nat. Bank v. Hartford, 47 S. Ct. 462, 71 L. Ed. 767, March 21, 1927. In any event such decisions are not authority for the broad principle that national bank shares may be subject to local taxation where a

very material part relatively of competing moneyed capital in the hands of individual citizens within the same jurisdiction is exempt from such taxation, Boyer v. Boyer, 113 U. S. 689, 5 S. Ct. 706, 28 L. Ed. 1089.

[5] 2. The county or state authorities have no power to grant plaintiffs the relief prayed for. They are not complaining because their shares have been overvalued, or that competing moneyed capital has been undervalued, as compared with the valuation of bank shares, but that competing moneyed capital is not assessed at all, or, if assessed, at a much lower rate than that imposed upon shares of national banks. The assessing officers, of course, have no authority to assess for taxation notes and bonds which are by law exempt, and to require plaintiffs to appear before the assessing board to have other competing moneyed capital assessed, would be, as said by the Chief Justice in Sioux City Bridge Co. v. Dakota County, 260 U. S. 446, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979, "to deny the injured taxpayer any remedy at all because it is utterly impossible for him by any judicial proceeding to secure an increase in the assessment of the great mass of under-assessed property in the taxing district."

[6] 3. It is, of course, a well-established rule that, before a taxpayer can seek the aid of a court to be relieved from an excessive taxation, he should do justice by paying so much of the tax as *can plainly be seen he ought to pay*. German National Bank v. Kimball, 103 U. S. 732, 26 L. Ed. 469; Northern P. R. Co. v. Clark, 153 U. S. 252, 14 S. Ct. 809, 38 L. Ed. 706. But the claim here is that the entire tax is void, because in violation of the law of Congress sanctioning the assessment of bank shares. In such a case a tender is not necessary as a condition to relief. First Nat. Bank of Covington v. City of Covington (C. C.) 103 F. 523; Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443; Fargo v. Hart, 193 U. S. 490, 24 S. Ct. 498, 48 L. Ed. 761.

Motion overruled.