UNIVERSAL LOAN CORPORATION, Appellee, v. BOARD OF REVIEW OF THE CITY OF DES MOINES, Appellant.

MAY 15, 1928.

*Reson S. Jones, Eskil C. Carlson, Chauncey A. Weaver, Don G. Allen,* and *George W. Vest,* for appellant.

*Bradshaw, Schenk & Fowler,* for appellee.

PER CURIAM.—This cause, on the facts and the law, is controlled and determined by the decision in *Welfare Loan Soc. v.*

*City of Des Moines*, 205 Iowa 1400. The only debatable question is whether or not loans made under the Iowa chattel loan stat-ute, Chapter 419 (Sections 9410 to 9438, inclusive), Code of 1924, are investments coming into competition with the business of national banks: that is to say, whether loans made under the uniform small loans statute are "other moneyed capital," coming into competition with the business of national banks, as defined by Section 5219, Revised Statutes of the United States, as amended, 42 Statutes at Large 1499 (12 U. S. C. A., Section 548).

It is the contention of the plaintiff-appellee that loans made under the chattel loan statute, supra, are moneys and credits, within the Iowa taxation laws, Sections 6984–6986, Code of 1924. Under the instant record, this proposition must be sustained.

The facts disclose that the plaintiff is a Delaware corporation, doing business in the state of Iowa, and licensed under the Iowa chattel loan statute. It is engaged in business at 516 East Locust Street, Des Moines. During the year 1925, and up to the time of the trial below, the plaintiff was engaged in the chattel loan business. On December 1, 1925, it had, outstanding, 548 loans, of an average amount of $86.10 per loan, or a total of $47,183.67. With the exception of less than $100, all of this money was loaned with chattel security, principally household furniture. Practically none of the money was loaned upon the credit of the borrower.

The plaintiff exercised and engaged in none of the normal functions of a state or national bank. It accepted no deposits. Its loans were made entirely from its own capital, which was augmented by occasional borrowings, either from individuals or from banks. It never made any loan over $300. It never loaned money except at the rate above the legal maximum rate in Iowa. It did not discount or negotiate commercial paper. It did not grant letters of credit. It did not issue, buy, or sell drafts or bills of exchange, nor collect commercial paper for others. It did not buy or sell coin or bullion. In brief, it did not perform the usual and ordinary functions of a bank.

Prior to the year 1925, the plaintiff's loans were always assessed in Polk County as moneys and credits, under Chapter 332 of the Code of 1924. In 1926, the city assessor of Des Moines undertook to change the assessment roll theretofore used, and

announced that he would assess the cash and the entire amount of small loans held on December 31st, in the total sum of $34,052, as "bank stock and other moneyed capital." This amount was determined on the theory that such loans could probably be sold for approximately 65 per cent of their face value. The plaintiff, through its president, signed this assessment roll under protest, and from the assessment the plaintiff promptly appealed to the appellant board of review, which overruled the objections; whereupon the plaintiff appealed to the district court, and upon the trial, the ruling of the board of review was reversed. This appeal presents the question heretofore stated.

The test of "other moneyed capital," under Section 5219 of the Revised Statutes of the United States, is whether it comes into actual, unfriendly, substantial rivalry with the normal business of national banks. *First Nat. Bank v. City of Hartford*, 273 U. S. 548 (71 L. Ed. 767); *Georgetown Nat. Bank v. McFarland*, 273 U. S. 568 (71 L. Ed. 779); *First Nat. Bank v. Anderson*, 269 U. S. 341 (70 L. Ed. 295); *People ex rel. Pratt v. Goldfogle*, 242 N. Y. 277 (151 N. E. 452). This court follows whatever definition the Supreme Court of the United States gives to the words "other moneyed capital." *Steele v. Madison County*, 198 Iowa 902. Competition means rivalry.

The normal business of national banks in Polk County does not include making small loans, with interest at 42 per cent per year. In fact, national banks in Iowa are expressly precluded from such business. Section 9438, Code of 1924. The rate of interest in Iowa, under the general law, is 8 per cent per annum. Section 9404, Code of 1924. The Federal law limits national banks to "interest at the rate allowed by the laws of the state" where the bank is located. Section 5197, Revised Statutes of the United States (12 U. S. C. A., Section 85).

Chattel loans within the purview of the Iowa law (Chapter 419, Code of 1924) fall outside of the granted powers of national banks. Revised Statutes of the United States, Section 5136 (12 U. S. C. A., Section 24).

The undisputed testimony in the instant case discloses that the banks in Polk County do not engage in this class of business. It may also be said that the restrictive feature contained in Section 5219, Revised Statutes of the United States, must be construed in the light of its historical purpose.

The forbidden act is "to create and foster an unequal and unfriendly competition with national banks by favoring shareholders in state banks or individuals interested in private banking or engaged in operations and investments normally common to the business of banking." *First Nat. Bank v. Anderson*, 269 U. S. 341 (46 Sup. Ct. Rep. 135, 70 L. Ed. 295).

The problem of defining "other moneyed capital," as outlined in Federal decisions, is ultimately that of selecting those competing uses of capital which are sufficiently similar so that the relative tax burden constitutes an important feature in a choice between them. See 7 Minnesota Law Review 357.

The term "competition" is not used judicially, in an academic sense that every dollar added to the vast fund of moneys and credits competes with every other dollar, but is used in its commercial sense, which means a struggle between business rivals for the same business. *First Nat. Bank v. City of Hartford*, 187 Wis. 290 (203 N. W. 721).

This appeal presents an interesting question, which involves not only its novelty in this state, but also its historical phase. We will, however, not enter these doors, which have been opened by counsel in their elaborate and splendidly prepared briefs. The facts are not in dispute. The statutes under which the instant question arises are plain. We deem it unnecessary to lengthen this opinion, in view of the current decision of this court in *Welfare Loan Soc. v. City of Des Moines*, supra.

The decree entered by the trial court is—*Affirmed.*