COMMERCIAL STATE BANK OF WAGNER, Appellant,
v. WILSON, Co. Treas., Respondent.

(220 N. W. 152.)

(File No. 6670.   Opinion filed June 30, 1928.)

*F. B. Morgan,* of Wagner, for Appellant.
*F. J. Farley,* of Wagner, for Respondent.

BROWN, J.  This is an action to recover taxes paid under protest.  A demurrer to the complaint was sustained, on the ground that it did not state facts sufficient to constitute a cause of action, and plaintiff appeals.  In substance the complaint alleges that plaintiff is a state bank and that by an arrangement between the bank and its stockholders it is authorized to pay the tax on the shares of stock in the bank; that in the year 1926 the capital stock of the bank was assessed and taxed at the general personal property rate, which was 50.27 mills on the dollar, while moneys and credits in substantial amounts employed and used in the same line of business as that of plaintiff and coming into direct competition with the capital of plaintiff was assessed and taxed at only 4 mills on the dollar, and that the amount of excess tax which plaintiff paid under protest for the year 1926, by reason of this difference in the rate, was $878.35.

If plaintiff had been a national bank the facts alleged in the complaint would state a cause of action in its favor, because section

5219 of the Revised Statutes of the United States (12 USCA § 548) provides that the tax on shares in a national bank shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the state, coming into competition with the business of National Banks. Merchants' National Bank v. Richmond, 256 U. S. 635, 41 S. Ct. 619, 65 L. Ed. 1135; First National Bank v. Anderson, 269 U. S. 341, 46 S. Ct. 135, 70 L. Ed. 295; First National Bank v. City of Hartford, 273 U. S. 548, 47 S. Ct. 462, 71 L. Ed. 767; State of Minnesota v. First National Bank, 273 U. S. 561, 47 S. Ct. 468, 71 L. Ed. 774.

Article 11, § 2, of the state Constitution as amended in November, 1918, provides that the Legislature may divide all property, including moneys and credits as well as physical property, into classes, and may determine what class or classes of property shall be subject to taxation, and what property, if any, shall not be subject to taxation, and provides further that: "Taxes shall be uniform on all property of the same class."

There is no practical difference between the business of national banks and state banks, and it would hardly seem reasonable that a different classification for the purpose of taxation should be applied to one than is applied to the other. The Legislature, as a matter of fact, has put all banks, state and national, in the same classification for purposes of taxation. Laws of 1923, Chapter 103. State and national banks therefore being placed in the same classification, the constitutional provision that taxes shall be uniform on all property of the same class requires the application of the same rule to both state and national banks. Therefore, since, as we have seen, the shares of national banks cannot be taxed at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens, coming into direct competition with such banks, it follows that the shares of state banks in South Dakota cannot be taxed at a greater rate than is assessed upon other moneyed capital coming into competition with the business of such banks, and this conclusion cannot be avoided by the fact that the Legislature in chapter 103, Laws of 1923, has provided for the assessment and taxation of bank stock according to its value as tangible personal property. State Bank of Omaha v. Endres, 109 Neb. 753, 192 N. W. 322; Munn v. Des Moines National Bank (C. C. A.) 18 F.(2d) 269.

█ The assessment and taxation of shares of stock in either state or national banks according to their value as tangible personal property is not prohibited by section 5219 of the Revised Statutes of the United States, and such taxation is valid and enforceable, provided that it is not shown to be at a greater rate than that imposed on other moneyed capital in the hands of individual citizens, substantial in amount, coming into competition with such banks. In the absence of proof of such substantial competition, the state tax levied on shares of national bank stock according to its value as tangible personal property is valid. Georgetown National Bank v. McFarland, 273 U. S. 568, 47 S. Ct. 467, 71 L. Ed. 779. And the same would be true as to state banks.

█ But respondent contends that the law providing for the taxation of moneys and credits at 4 mills on the dollar is unconstitutional and that in reality moneys and credits are subject to the same rate as other personal property, and therefore the capital stock of state and national banks, being assessed as other personal property, are not taxed at any higher rate than any other moneyed capital coming into competition therewith. This contention is based on the provision of section 17, art. 6 of the Constitution, that "all taxation shall be equal and uniform," and section 4 of article 11 providing that "all property employed in banking shall always be subject to taxation equal to that imposed on the property of individuals." In Wheelon v. Land Settlement Board, 43 S. D. 551, 181 N. W. 359, 14 A. L. R. 1145; and in Peterson Oil Co. v. Frary, 46 S. D. 258, 192 N. W. 366, affirmed in 264 U. S. 570, 44 S. Ct. 334, 68 L. Ed. 854, we said that the amendment, adopted in 1918, to section 2, art. 11, obliterated from section 17, art. 6, the words, "all taxation shall be equal and uniform," and if said amendment gave to the Legislature power to classify property for the purpose of taxation, bank stock, if taxed at the same rate as moneys and credits coming into competition with such bank, is subject to a taxation equal to that on similar property of individuals, and therefore not in violation of the provisions of section 4 of article 11.

Respondent, however, contends that the introductory clause of section 2 of article 11 as amended, reading, "to the end that the burden of taxation may be equitable upon all property, and in order that no property which is made subject to taxation shall

escape," the Legislature is empowered to divide property into classes, shows that the people in adopting said amendment had no thought of authorizing the taxation of moneys and credits at a lower rate than other property. Respondent argues that "equality is equity," and that the amendment having been adopted to the end that the burden of taxation may be "equitable," it was clearly in the minds of the voters in adopting the amendment that all property should be taxed at the same rate.

We do not agree with this contention. The clause in the amendment that "taxes shall be uniform on all property of the same class" clearly implies that different classes of property may be taxed at different rates. The uniformity is made applicable, not to all classes of property, but only to all property of the same class. It is our view that the law providing for the taxation of moneys and credits is not unconstitutional and that if plaintiff can establish by competent proof that the shares of its capital stock are taxed at a greater rate than other moneyed capital, substantial in amount, coming into direct competition with its business in its locality, it will be entitled to recover the excess tax paid under protest.

The order of the trial court sustaining the demurrer is reversed.

CAMPBELL, J., disqualified and not sitting.
BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.