[Nos. 21936-21937. *En Banc.* August 9, 1929.]

YAKIMA NATIONAL BANK *et al., Respondents,* v. YAKIMA COUNTY *et al., Appellants.*

FIRST NATIONAL BANK OF YAKIMA *et al., Respondents,* v. YAKIMA COUNTY *et al., Appellants.*[1]

[1]Reported in 280 Pac. 25.

*O. Sandvig, G. E. Clark, C. G. Walters,* and *M. C. Delle,* for appellants.

*Richards, Gilbert & Conklin* and *Rigg & Brown,* for respondents.

MILLARD, J.—The plaintiff national banks of Yakima county instituted separate suits, consolidated for the purpose of trial below and appeal to this court, to enjoin the taxing officials of Yakima county from collecting taxes on the shares of stock of the plaintiff banks, on the ground that such taxes were assessed at a higher rate than the assessment of moneyed capital employed in competition with the business of the national banks. This appeal is prosecuted from the decree enjoining the defendants from collecting such taxes.

The evidence preponderates in support of the judgment of the trial court that the taxes levied upon the shares of stock of the respondent banks for the assessment year of March 1, 1927, are in violation of § 5219 of the Revised Statutes of the United States (U. S. Code, title 12, § 548) that:

"The tax imposed shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state coming into competition with the business of national banks . . ."

No other or different conclusion can be reached than the one expressed in *National Bank of Commerce v. King County, ante* p. 351, 280 Pac. 16, in which is a full discussion of the law applicable to this question.

Appellants contend that an action in equity will not lie to enjoin the collection of a tax. This is not an open question in this state. We are committed to the rule that the courts have power by injunction to restrain the enforcement of an illegal tax. *Northwestern Lumber Co. v. Chehalis County,* 24 Wash. 626, 64 Pac. 787.

See, also, *Spokane & Eastern Trust Co. v. Spokane County,* 70 Wash. 48, 126 Pac. 54, Ann. Cas. 1914B 641; *Yakima Valley Bank & Trust Co. v. Yakima County,* 149 Wash. 552, 271 Pac. 820.

Affirmed.

MAIN, BEALS, PARKER, TOLMAN, FRENCH, and FULLERTON, JJ., concur.

MITCHELL, C. J., was unable to participate in this case.

HOLCOMB, J. (dissenting)—These cases being here to be reviewed *de novo* upon the evidence, my understanding of the evidence compels me to dissent from the majority opinion. There is in these cases ample room for so holding upon the evidence and thus not curtail the taxing power of the county and state.

There are two logical grounds for so holding.

First, the competing capital complained of by the complaining national banks was not employed in the same locality, that is Yakima county, in substantial amount when compared with the capitalization of the national banks, nor in the same sort of transactions as those in which national banks engage in that locality. See *First Nat. Bank v. Hartford,* 273 U. S. 548, 71 L. Ed. 767, and *Minnesota v. First National Bank,* 273 U. S. 561, 71 L. Ed. 774.

In both of those cases, it was variantly stated that the ''moneyed capital'' must be used in competition with the complaining national banks in the same ''vicinity'' or ''locality,'' and, as I read them, it is not to be understood as comprising the whole state, unless such use of ''moneyed capital'' results in competition with the local business of the complaining bank as in the Minnesota tax case, where state-wide competition injuriously affected national banks in Ramsey county

(where St. Paul is situated). In the Wisconsin case, there were similar controlling facts.

And, second, our tax laws are not in themselves repugnant to U. S. Rev. Stat. § 5219, and it is only the practice or operation given to the tax laws in any given county or locality which renders them repugnant to the Federal statute. There is no such practice or operation existing in Yakima county, as I understand the evidence here.

My opinion therefore is that in these cases the rule followed by the Federal supreme court in *Georgetown National Bank v. McFarland,* 273 U. S. 568, 71 L. Ed. 779, is applicable.

The gist of that decision was that the complaining bank had failed to prove that the favored capital complained of was, in fact, substantially competitive under the statutes and practice in Kentucky, which I think is exactly the situation under the evidence here.

I therefore dissent.