In re ROBINSON et al.

(46 N. W.2d 908)

(File No. 9158. Opinion filed March 26, 1951)

R. W. Hutchinson, Huron, for Appellants, City of Huron and Beadle County.

Royhl & Benson, Huron, for Respondents, Parke D. Robinson, Douglas Rees et al.

SICKEL, J.    Parke D. Robinson, Douglas Rees, et al., are the owners of Lot 1 and part of Lot 2, Block 15, Second Railway Addition to Huron, Beadle County.    The above property was assessed for the year 1949 as follows: Structure, $60,000, real estate $14,715; total $74,715.    The owners petitioned for a reduction in the valuation of the structures, but the petition was denied and appeal was taken to the circuit court.    The cause was tried de novo.    Findings and judgment were entered reducing the assessed valuation of the structures to $57,000.    The city of Huron and the county of Beadle then appealed to this court.

Appellants contend first, that the valuation of respondent's property as determined by the circuit court is less than its actual value and second, that the court created or increased gross inequalities by reducing the assessed valuation of the structures from $60,000 to $57,000.

The circuit court concluded as a matter of law that the assessed valuation of the property "as fixed by the Boards of Equalization in the sum of Sixty Thousand Dollars ($60,000.00) for the tax year of 1949, is excessive, inequitable and discriminatory and results in a lack of uniformity between such property and other property of the same class", and that the porperty be assessed at a value of $57,000.    The decision of the circuit court is based upon this conclusion, not upon any determination that the equalized value of $60,000 exceeded the actual value of the property.    The only question here presented then is whether the assessment as determined by the circuit court is much lower in amount according to value than other property of the same class in the same taxing district.    If so, the assess-

ment lacks uniformity, S.D. Const. XI, § 2, and is grossly inequitable, SDC 57.0406; Williams v. Stanley County Board of Equalization, 69 S.D. 118, 7 N.W.2d 148. If such a condition exists in this case the remedy of the taxpayer is the reduction of his valuation to such an amount as may be necessary to remove the discrimination. Chicago, R. I. & P. Ry. Co. v. Young, 60 S.D. 291, 244 N.W. 370.

██ These appeals are heard and determined de novo in the circuit court. SDC 12.0620. The powers of the circuit court are the same as those possessed by the equalization board; that is, authority to determine anew the assessed valuation of the taxpayer's property. Williams v. Stanley County Board of Equalization, supra. The question is one of fact, and if the decision of the circuit court is supported by substantial evidence, it is not to be disturbed by this court on appeal.

█ The evidence introduced in the circuit court related to the value of this property in comparison with other property located in the city of Huron and used for mercantile or business purposes. This evidence has to do with location, size, design, materials, age, depreciation, demand, use and rentals. Estimates of the value of this class of city property inevitably cover a wide range. We have carefully examined the entire record and are satisfied that the findings of the circuit court as to the value of respondents' property should not be disturbed on this appeal.

Judgment affirmed.