2002 SD 107

**WEST TWO RIVERS RANCH,**
**Appellant,**

v.

**PENNINGTON COUNTY, South**
**Dakota, Appellee.**

No. 22112.

Supreme Court of South Dakota.

Considered on Briefs April 22, 2002.

Decided Aug. 21, 2002.

Gene R. Woodle, Rapid City, South Dakota, Ronald Ragsdale, Andrews, Texas, Attorneys for appellant.

Tobin A. Karn, Pennington County, Deputy State's Attorney, Rapid City, South Dakota, Attorney for appellee.

PER CURIAM.

[¶ 1.] West Two Rivers Ranch (Ranch) appeals its assessed valuation in Pennington County. We affirm.

FACTS

[¶ 2.] This case is before this Court for the second time. A full recitation of the facts relevant to the first appeal can be found in *West Two Rivers Ranch v. Pennington Co.*, 1996 SD 70, 549 N.W.2d 683. The following facts are pertinent to this appeal.

[¶ 3.] Ranch encompasses over 20,000 acres lying in two different counties: 19,-356.58 acres are in Meade County and approximately 2,500 acres are in Pennington County. In 1994, the Meade County property was assessed at a value of $41.25 per acre while the Pennington County property was assessed at a value of approximately $85.00 per acre. Ranch appealed each county's valuation to the respective county boards of equalization, the office of administrative hearings and the circuit court. The valuations were affirmed at every step with the exception that the administrative law judge sitting in Pennington County made a $2.00 per acre downward adjustment in the value of the Pennington County property in recognition of its status as rangeland rather than cropland. The valuations were then appealed to this Court with the result that the valuation of the Meade County property was affirmed while the valuation of the Pen-

nington County property was reversed and remanded. The remand required that, as part of its valuation process, Pennington County consider sales of property with comparable access [1] and topographic conditions.

[¶ 4.] After this Court's remand, the Pennington County Director of Equalization analyzed 105 sales of agricultural property in Pennington County that occurred from 1990 to 1993. In this review, the Director placed specific emphasis on sales of property with comparable access, location and topographic limitations. Of the 105 sales analyzed, 6 involved properties with a comparable lack of access. None of the 6 properties had road access and all 6 properties had to be accessed through property owned by others. All 6 of the properties also had topographic conditions that further limited access to roads. Based upon this review, the Director arrived at a valuation of $83.31 per acre for a total valuation of $207,812.

[¶ 5.] A hearing on the revaluation of the Pennington County property was conducted by the trial court on May 14, 2001 and the trial court subsequently entered findings of fact, conclusions of law and an order upholding the valuation. Ranch again appeals to this Court.

## ISSUE

[¶ 6.] **Whether the valuation of the Pennington County property violates state constitutional requirements of equality and uniformity in taxation?**

[¶ 7.] S.D. Const. art. VIII, § 15 provides:

The Legislature shall make such provision by general taxation and by authorizing the school corporations to levy such additional taxes as with the income from the permanent school fund shall secure a thorough and efficient system of common schools throughout the state. The Legislature is empowered to classify properties within school districts into separate classes for purposes of school taxation. *Taxes shall be uniform on all property in the same class.* (emphasis added).

S.D. Const. art. XI, § 2 provides:

To the end that the burden of taxation may be *equitable upon all property,* and in order that no property which is made subject to taxation shall escape, the Legislature is empowered to divide all property including moneys and credits as well as physical property into classes and to determine what class or classes of property shall be subject to taxation and what property, if any, shall not be subject to taxation. *Taxes shall be uniform on all property of the same class,* and shall be levied and collected for public purposes only. Taxes may be imposed upon any and all property including privileges, franchises and licenses to do business in the state. Gross earnings and net incomes may be considered in taxing any and all property, and the valuation of property for taxation purposes shall never exceed the actual value thereof. The Legislature is empowered to impose taxes upon incomes and occupations, and taxes upon incomes may be graduated and progressive and reasonable exemptions may be provided. (emphasis added).

[¶ 8.] Ranch argues that the valuation of its Pennington County property at an amount twice the assessed value of its Meade County property violates the principles of equality and uniformity in taxa-

---

1. Because of its topographic features, the Pennington County property is almost completely inaccessible.

tion that are set forth in the above constitutional provisions. Pennington County argues that because Ranch failed to submit proposed findings of fact and conclusions of law to the trial court, this Court's review is limited to the question of whether the findings of fact support the trial court's conclusions of law and judgment. *See Sutera v. Sully Buttes School Dist.* 58–2, 1997 SD 27, ¶ 9, 561 N.W.2d 20, 23 (failure to object to findings of fact and conclusions of law or to propose findings limits review to question of whether findings support the conclusions of law and judgment). However, there is no factual dispute in this case. Resolution of this appeal turns entirely on the legal question of whether inconsistent valuation of Ranch's property by two different counties violates the principles of equality and uniformity in taxation contained in the South Dakota Constitution. Such questions of law are normally subject to de novo review. *See Jackson v. Weber,* 2001 SD 136, ¶ 9, 637 N.W.2d 19, 22 (2001) (questions of law are reviewed de novo). Furthermore, Ranch did present this argument to the trial court during its closing statement at the hearing on this matter. Thus, the trial court did have an opportunity to rule on the issue. *See State v. Eidahl,* 495 N.W.2d 91, 94 (S.D.1993)(trial court must be afforded opportunity to rule on an issue).[2]

[¶ 9.] Turning to the merits of Ranch's argument, "constitutional provisions relating to equality and uniformity in taxation require equality and uniformity in both rate and valuation or assessment[.]" 84 CJS *Taxation* § 42 (2001). However, "[i]n determining the question of discrimination because of inequality of valuation or assessment of property for tax purposes, *the inquiry is limited to the particular taxing*

*district or county in which the properties involved are situated." Id* (emphasis added). As explained in 71 Am.Jur.2d *State and Local Taxation* § 124 (2001), "[u]niformity in taxation implies equality in the burden of taxation, and this equality cannot exist without uniformity in the basis of valuation. The constitutional mandate for uniformity in tax assessment requires uniformity in the assessment of properties having like characteristics and qualities, *located in the same area."* (emphasis added).

[¶ 10.] This Court has previously endorsed the principle that issues over equality and uniformity in taxation must focus on the particular county or taxing district involved. *In Bon Homme County Farm Bureau v. Board of Com'rs,* 53 S.D. 174, 220 N.W. 618 (1928), this Court considered whether a statutorily set minimum funding level for county agricultural extension services caused a violation of various constitutional provisions requiring equality and uniformity in taxation. In reaching its decision, this Court made the following pertinent observations:

> [T]his provision of the Constitution means only that the tax must be uniform and equal *in the same taxing district.* So long as a tax is uniform *throughout the county,* this provision of the Constitution is complied with. And, where a tax is equal and uniform in its application to all persons of the same class *within a particular taxing district,* it complies with the provisions of section 18, art. 6 of our Constitution.

*Bon Homme County,* 53 S.D. at 180, 220 N.W. at 621 (citations omitted)(emphasis added).

[¶ 11.] *In Kramar v. Bon Homme County,* 83 S.D. 112, 155 N.W.2d 777

---

**2.** Ranch also notified the Attorney General of its constitutional challenge and the Attorney    General declined intervention in the matter.

(1968), this Court considered whether statutes permitting an additional tax levy on property in school districts not operating high schools for the support of school districts in each county that were operating high schools violated a constitutional requirement of uniformity of taxation of property of the same class. Again looking to the taxing districts involved, this Court held:

> The burden of the tax imposed is uniform upon all property in the same class *in each common school district* in the separate counties of the state and is not violative of the constitutional provision relied upon by the trial court or any other claimed violation set forth in the complaint of plaintiff-respondent.

*Kramar*, 83 S.D. at 117, 155 N.W.2d at 779 (emphasis added).

[¶ 12.] More pertinent to the instant case, in *In re Robinson*, 73 S.D. 580, 46 N.W.2d 908 (1951), the City of Huron and Beadle County appealed a circuit court judgment reducing the assessed valuation of certain structures in Huron. On appeal, the city and county argued that the circuit court's action created or increased gross inequalities by reducing the assessed valuation of the structures. This Court set forth the applicable test on appeal as follows: "The only question here presented then is whether the assessment as determined by the circuit court is much lower in amount according to value than other property of the same class *in the same taxing district.* If so, the assessment lacks uniformity, S.D. Const. XI, § 2, and is grossly inequitable." *Robinson*, 73 S.D. at 581–82, 46 N.W.2d at 909 (emphasis added)(some citations omitted), *rev'd on other grounds*, 89 S.D. 651, 659, 237 N.W.2d 665, 669–70 (1975).

[¶ 13.] Here, as set forth under the facts, Pennington County's assessment took into consideration sales of 105 agricultural properties in Pennington County, the taxing district involved, over the three year period prior to the assessment. Of those 105 sales, specific consideration was given to six properties having topographical conditions and access limitations similar to those of Ranch. As in *Robinson*, this evidence should be found sufficient to support the Pennington County valuation. *See Robinson, supra* (evidence relating to value of property in comparison with other property located in City of Huron used for similar purposes found sufficient to support circuit court findings as to the value of the subject property).

[¶ 14.] Ranch seeks to compare the assessed valuation of its Pennington County property with the assessed valuation of its Meade County property. However, under the principles discussed above and previously followed by this Court, such a comparison is not relevant because it involves property in two different counties or taxing districts. *See* SDCL 10–3–16 (each county in this state is an assessment district); SDCL 10–5–1 (real estate assessed in taxing district in which it is situated). Such a comparison would only be relevant in this case under a narrow statutory exception contained in SDCL 10–6–64 (1996 rev.) at the time of the original assessment of the property.[3] The statute provided in pertinent part:

> For the purpose of valuing agricultural land, if there are less than fifteen sales of agricultural land within a county, the director of equalization shall use sales of agricultural land within the county from previous years *or sales of comparable agricultural land within adjoining counties.*

*Id* (emphasis added).

[¶ 15.] Here, the Pennington County Director of Equalization testified that he

---

**3.** SDCL 10–6–64 was repealed in 1998. *See* 1998 S.D. Sess.L. ch. 53, § 7.

used sales of agricultural land within Pennington County from previous years instead of sales of comparable land from adjoining counties because of differences in soil surveys and ratings. Rather than being at odds with the principles of equality and uniformity in taxation discussed above, this approach is fully consistent with the guideline that, "requires uniformity in the assessment of properties having like characteristics and qualities ... in the same area." 71 Am.Jur.2d *State and Local Taxation* § 124 (2001).

[¶ 16.] Based upon the foregoing, there is no showing that the circuit court erred in upholding Pennington County's revaluation of Ranch's property.

[¶ 17.] Affirmed.

[¶ 18.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON, KONENKAMP and ZINTER, Justices, participating.