GEORGE C. BAGLEY ELEVATOR CO. v. BUTLER, County Treasurer.

In a suit to enjoin collection of taxes on property of an elevator company, evidence **held** to warrant the court in finding that the valuation was not excessive.

In a suit to enjoin collection of taxes on property of an elevator it appeared that taking complainant's own valuation of its buildings, and levying its taxes on one-half thereof, the total would be less than the amount tendered on which it asked relief, and levying the taxes on one-third, its taxes would be more than the tendered amount; that complainant, by its pleadings, admitted that other property in the county was assessed as high as 33 1-3 to 50 per cent of its value, but tendered only a lump sum, and not a separate sum for each building, so as to enable the court to enter a decree in its favor as to any separate building; and that it did not ask the court to find what was a just tax and offer to pay it, or assign as error failure to reduce the tax as to any separate building. **Held,** that complainant was not entitled to relief.

The Supreme Court will take judicial notice that all taxing officers of the state disregard the law requiring property to be assessed at its true value.

That taxing officers disregard the law requiring property to be assessed at its true value is no reason why the courts should grant relief against the collection of a tax based on an assessment which does not exceed the true value of the property, though much higher than that of other property.

As under the law property should be assessed at its true value, when property is not assessed for more than that, but is assessed much higher than other property, the remedy of the owner is to seek equalization by raising the assessment of all property to its actual value, and not by lowering the value of his own.

(Opinion filed, Dec. 15, 1909.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by the George C. Bagley Elevator Company against L. L. Butler, Treasurer of Day County. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Campbell* & *Taylor,* for appellant. *Sears* & *Potter,* for respondent.

WHITING, J. This is an action brought by the appellant against the treasurer of Day county, in which the appellant seeks to restrain the collection of certain taxes levied against the property of the appellant. Briefly stated, the allegations of the complaint were to the effect that plaintiff owned four elevators in said county; that during the year 1905 the assessors of said county purposely, knowingly, and fraudulently assessed these elevators, some at their actual value, and one at more than its full value, while at the same time assessing other property at from one-third to one-half its full value; that, as to each elevator, the plaintiff appealed to the proper town board of equalization and to the county board of equalization, but that with one exception no reduction was made; that plaintiff tendered to the defendant an amount for the taxes on each elevator that was sufficient to be the just levy thereon; that such tender was refused; that the defendant is about to levy on the said elevators to enforce the payment of said taxes; that a levy and sale of such elevators would work an irreparable injury; and plaintiff tenders in court a lump sum being the aggregate of the said several sums alleged to have been tendered; and asks a decree requiring the defendant to accept said lump sum in full payment of the taxes levied against said elevators. The defendant denied any fraud or injustice in the several levies; alleged the values of the property to be ample to justify the levies; admitted the several tenders, and that he refused the same; admitted his intention to enforce the levy by the sale of the elevators; and prayed for the dismissal of the action. The cause was tried to the court without a jury and the court having made its findings of fact and conclusions of law and entered its decree thereon, the plaintiff moved for a new trial, which motion having been denied, the plaintiff has appealed to this court.

In the trial court the appellant asks for certain findings of fact and conclusions of law, all of which were by the court denied, except such as may have been contained in the findings as made by the court. From an examination of the complaint

herein, it would seem that it was the theory of the appellant that it was entitled to the equitable relief sought owing to the fact of fraud in the assessment, coupled with the fact, as claimed, that a levy upon and sale of the elevators would work an irreparable injury. An examination of the complaint shows that, while the appellant appealed to the town board of equalization and to the county board of equalization after such alleged fraudulent assessment, it is not alleged that either of said boards acted fraudulently in what they did in reference to these assessments. That being true, we can hardly see where the appellant is in a position to rely upon any fraud on the part of the assessors, if in fact any was proven. Neither was any effort made to establish, by evidence, any fraud on the part of the equalization boards, and the appellant did not ask for any such finding. We do not, however, deem it necessary to pass upon the question as to the effect of fraud on the part of the assessors where the equalization board acted without fraud, and therefore do not find it necessary to determine whether the court was in error in finding that there was no fraud in such assessments. Neither do we find it necessary to determine whether or not the levy upon and sale of the elevators would work such an irreparable injury as would entitle the appellant to relief, by way of injunction, instead of being required to pay its taxes and resort to its legal remedy for the recovery of such part thereof as might be unlawful.

We find it unnecessary to pass upon the points above mentioned for the reason that, to our mind, the facts herein justify the refusal of appellant's prayer, regardless of the question of fraud in the assessments or of the injury that might be suffered from a sale of the property. Appellant contends strenuously that the findings of the court as to the real values of the several elevators was grossly excessive. The court found the elevator at Waubay to be worth $4,500 and the elevators at Webster, Bristol, and Andover to be worth $5,500 each. The appellant asked the court to find that the elevator at Waubay was worth $2,878.45, the one at Webster $3,478, the one at Bristol $3,228.20, and the one at Andover $3,481.60. These were the values placed on

these several elevators by a witness called on behalf of the appellant, and it is the contention of the appellant, that these values stood undisputed by any competent testimony. . The appellant's witness described the several elevators, giving the dimensions of the same and, in general, the style of the several buildings, the capacity of the several buildings, as well as the dimensions of the coal sheds and other buildings that were used in connection with such elevators. The respondent called a witness, who qualified as an expert on the question of the value of the Webster elevator, and he placed the value of the same at the sum of $4,800 or $4,900. He placed no valuation on the other elevators, but, if the court relied upon the evidence of this witness, and we must presume that it did, then the court had a sufficient basis upon which to establish the relative values of the other buildings. Taking therefore the relative values as given by appellant's witness, there was ample evidence to warrant the court in finding the values of these several buildings far in excess of those stated in the findings asked for by appellant, and such evidence would certainly justify the trial court in finding the buildings to be worth, at least, the following sums: Waubay elevator, $3,900; the Webster elevator, $4,800; the Bristol elevator, $4,500; and the Andover elevator, $4,800. The assessed valuation, as finally fixed on the said buildings, was respectively $3,200, $2,500, $2,000, and $2,000, or in other words, the assessed valuation was but a trifle greater than one-half of the actual valuation, and the valuation placed on two of these buildings was less than one-half of the true valuation of such buildings. Furthermore, taking the valuation asked for by the appellant and levying the taxes on one-half thereof, which is conceded by the appellant to be the assessment on some of the other property of the county, and below which appellant can certainly not ask the court to go, appellant's total taxes would have been $330. Upon a tender of $280.20 appellant asks the court to release it from the payment of any further taxes; and in the conclusions of law which it asked the court to make, it asks that it be relieved from the payment of any further tax, upon the payment to said treasurer of $191.66, while as a matter of fact, taking appellant's own valua-

tion of this property, and making the levy upon the one-third thereof, appellant's taxes would be some $220. It will therefore be seen that, even if the findings of the court as to the valuation of these several elevators should be reduced to an amount fully supported by the testimony herein, the appellant would not be entitled to relief, and, furthermore, the appellant by his pleading, having admitted that other property in said county was assessed as high as 33 1-3 to 50 per cent. of its value, the appellant is not entitled to the relief sought, for the reason that at 50 per cent. on its own valuation, the tender made by it was not sufficient, and at 33 1-3 per cent. on its own valuation, the amount it seeks to have the court decree that it may pay would not be sufficient; and the appellant by its complaint tendered only a lump sum, and it never tendered in court a separate sum as to each building, thus giving the court a chance to enter a decree in its favor as to any separate building or buildings. Neither did it ask the court to find what was equitably a just tax, and offer to pay such sum. Neither has the appellant, in any manner, assigned as error the failure of the court to make a finding or decree reducing the tax as to any separate building, or the failure of the court to fix any sum exceeding the sum actually tendered, and less than the sum actually levied, as a just and equitable amount which appellant might pay and be released from the excess.

In the discussion of this case so far, we have treated it solely along the lines upon which it seems to have been considered by the counsel herein, but it is clear to us that the lower court should be affirmed upon another ground. As hereinbefore stated, the appellant in his complaint alleged that all except one of the elevators were assessed at their actual value, and, under the evidence offered by appellant itself, it appears that three of the elevators were assessed on an average of not to exceed two-thirds of their value, and all the elevators taken together were assessed at less than their true value as fixed by appellant's witnesses. What then was the remedy of appellant? Under our law it is the duty of the assessors to assess property at its true value, and the duty of all equalization boards to correct errors

and inequalities by raising property to its true value, where it has been valued too low by the assessor. / Therefore the remedy of appellant was to ask the town board and the county board to equalize taxation by raising the values of other property and not by lowering the value of appellant's property. From the complaint it simply appears that the town boards were asked to equalize values, but it clearly appears that the county board were asked to equalize values by lowering the values of appellant's property, or, in other words, such board was asked to disobey the laws of this state: This court will take judicial notice that the taxing officers of this state, from the assessors to the State Board of Equalization, absolutely disregard the clear mandate of the law in placing values upon property for taxation purposes, but that is no reason why the courts of this state should connive at such acts or become active parties thereto. / When a party, whose property, though assessed at less than its value, is assessed much higher than that of other taxpayers, shall have requested the several boards to equalize taxes in the manner fixed by statute, to wit, by raising the assessment of all property to its actual value— and such boards shall have refused or failed to do their clear duty under the law, then, and only then, let such party apply to the courts for relief.

The judgment of the trial court and the order denying a new trial are affirmed.

McCOY, J., took no part in this decision.