BEADLE COUNTY, SOUTH DAKOTA, et al, Plaintiffs, v. EVELAND, Defendants.

(180 N. W. 65.)

(File No. 4793.   Opinion filed December 1, 1920.)

1.   Taxation—Assessment, Equalization Re Realty—Equalization Where Assessment Equitable, Increase to be Proportionate—Rule.

   In the assessment and equalization for taxation, it is indisputable that, if assessors' valuations were equitable so that no grounds of complaint exist as between property owners, any

increase made by equalization board should retain the same proportionate values.

2.  Same—Equalization by Extra Assessment, Higher Increase on Business, Than on Residence Property, Original Under-Assessment of Business Property As Reason—Conflicting Evidence—Equalization Sustained.

Where, as grounds for mandamus against the State Tax Commission, to require it to order a new assessment of city realty, it was alleged that the city equalization board, in equalizing assessment of realty, arbitrarily added large sums to valuation of realty in the business section, or "fire limits," while very little to that of the remaining realty, resulting in assessment of plaintiff's and other business property above its value, while assessing residence property below its value, in violation of the rule of equal taxation under the rules and law; the evidence showing that many property owners asked that the proposed increase of valuation through equalization should be proportionate throughout the city, all parties interested understanding that any increase should be placed on unimproved realty; plaintiffs charging and seeking to prove that the board arbitrarily placed some 80% of increase burden on business property on pretext that residence property owners were less able to pay the additional taxes; it appearing that the equalization board professed to have determined the property in the "fire limits" had been assessed lower in proportion to value than that outside, and that their sole aim, and the result reached by them was the assessing of all realty as nearly as possible on same basis; plaintiffs' evidence tending to show that equalized valuation was in a few cases excessive as compared with that of other realty, and that, as shown by county transfer records, many city residence properties had been sold at values greater in proportion to said assessed valuations than the proportions of true values of real values in fire limits to equalize assessed values thereof; held, that while such evidence might afford some proof of disproportionate assessment and might have been considered by equalization boards, yet, in absence of proof that transfer records were brought to attention of board, such evidence failed to establish wilfull intent of board to arbitrarily disregard the law re equalization. So held, where evidence as to whether equalized values of the two classes of realty were disproportionate when compared with true values, was conflicting; Court not being satisfied that on the whole one class was equalized at a much, if any, greater percentage of its true value than the other; this notwithstanding a few tracts in fire limits were equalized at amounts disproportonate to assessed values on either residence or other property within fire limits.

3.    Taxation—Mandamus of State Tax Commission to Correct City Equalization Board's Action—Whether Mandamus Lies.

Mere errors in judgment of members of a city equalization board cannot be corrected by a proceeding brought by city property owners against State Tax Commission, to order a re-assessment of city realty. While under Sec. 6587, Code 1919, broad authority is conferred upon the ·Tax Commission, and it has supreme authority in all matters wherein its members may and do exercise this discretion, yet while under Subd. 15 of said section, which grants authority to order re-assessment of realty and personal property of any class in any assessment ·district wheri in its judgment such re-assessment is advisable or necessary to the end that any and all classes of property of such district shall be assessed in compliance with law, and for that purpose may require assessor to make such re-assessment— defendant Commission might have ordered re-assessment of the city property if they believed the assessment invalid, incomplete, or so inequitable and injurious as to make a re-assessment "advisable or necessary," it is beyond the power, of Supreme Court to command defendants to order re-assessment in any case where statute gives them discretion; that furthermore, the ordering of a re-assessment is within said Commission's discretion except where under facts proven it appears the purported assessment then standing is void so that any tax based thereon would be invalid; and, plaintiffs having failed to prove invalidity of equalization by city board, the Court need not determine whether it could have commanded defendants to order re-assessment in case Court found the facts with plaintiff.

4.    Taxation—Equalization by City Board, Appeal from to County Board—County Board's Inaction and Request that Tax Commission Equalize, Non-appeal from County Board, Effect Re Right to Complain.

Where certain owners of city property appealed from action of city board of equalization to county equalization board for relief against claimed unequal assessment, as authorized by Sec. 6727, Code 1919, the county board desisting from action but requesting that State Tax Commission act, the parties appealing to county board not having appealed from action of latter, as they might have done under Secs. 6727, 6734, of said Code, they therefore lost all right to complain of mere inequalities in taxation.

5.    Same—Equalization by State Tax Commission—Failure to Reassess for Want of Time, Though Equalization Inequitable— Tax Commission Record Showing Further Reasons After Mandamus Instituted, Effect Re Remedy.

Where State Tax Commission's record shows that, notwithstanding they considered the equaliaztion of. city property by

city board inequitable in the case of some property but refused to order re-assessment because they were of opinion it would be impossible to assess the property "in the short space of time the work of re-assessment would have to be completed," held, that, were it true that said Commission have not exercised the discretion vested in them by Subd. 15 of Sec. 6587, Code 1919, while such fact might authorize Supreme Court to compel them 'by mandamus to exercise such discretion; yet, it appearing that since mandamus proceedings were instituted said Commission have made further and more complete records showing reasons why in their judgment it would be inadvisable to order re-assessment, therefore writ of mandamus denied.

Judge McNenny of the Eight Circuit sitting in place of McCoy, P. J., disqualified.

Original proceeding by Beadle County, South Dakota; Clarence N. McIlvaine, F. R. Brumwell, Holland Wheeler, Warren Hurst, M. A. Alford, B. P. O. E. Lodge No. 44 Huron Lodge No. 26, A. F. & A. M., Syracuse Lodge No. 16 Knights of Pythias Building Association, et al, against H. L. Eveland, Hugh Smith and H. C. Preston constituting the Tax Commission of the State of South Dakota, for a peremptory writ of mandamus commanding defendants, as said Tax Commission, to order a re-assessment of the real property of Huron for the year 1920. Writ denied.

*Null & Royhl,* for Plaintiff.

*Byron S. Payne,* Attorney General, for Defendant.

(2) To point two, Plaintiff cited: Peterson v. Burnzell, 170 N. W. 905; Plaintiff submitted that: The assessor's valuation stood before the board of review as prima facie correct, with no *duty or authority in that board* to change it, except on evidence; and cited: State v. Rien, 84 N. W. 422; That assessment cannot be raised under guise of equalization; and cited: Hacker v. Howe, 101 N. W. 255.

Defendant cited: First National Bank v. Moon, 170 Pac. 33; L. R. A. 1918C, 986; In Re Taxes for Itasca County, 71 N. W. 265.

(3) To point three, Defendant cited: Bailey v. Lawrence County et al, 2 S. D. 533; State ex Rel. Minot v. Willis (N. D.) 118 N. W. 820; Halverson v. Williams, 38 S. D. 176; Merrill On Mandamus, Secs. 56, 29; Wood On Mandamus, pp. 17, 19; 18

R. C. L. 118, 124; 37 Cyc. 1078; Sioux Falls Savings Bank v. Minnehaha County, 29 S. D. 146.

WHITING, J.   Beadle county and numerous owners of property situated in the city of Huron, in said Beadle county, instituted this proceeding, seeking a peremptory writ of mandamus commanding the defendants, as the tax commission of this state, to order a reassessment of the real property of Huron for the year 1920.   It was the claim of plaintiffs that the equalization board of the city of Huron, when it came to equalize the assessment of the real property of said city, arbitrarily added large sums to the valuation of the real estate situate in the business section or "fire limits" of said city, while they added very little to the assessed valuation of the remaining real property of said city, thus apportioning the tax burdens as between this and the residence class of real property "upon a different basis and standard and by an arbitrary, unfounded, and unwarranted rule, in violation of the Constitution and laws" of this state, resulting in the assessment of "the property of plaintiffs and others similarly situated at an amount exceeding its actual value, whereas the residence property * * * is assessed at not to exceed 40 per cent. of its value," and that this arbitrary and unequal assessment was made "knowingly and wilfully * * * for the express purpose of casting a greater burden of taxation upon the owners of real property within said fire limits."

It appears that, upon ascertaining the total amount of the assessed valuation of the property of Huron, as returned by the assessor, the school board of said city was of the opinion that such amount was not large enough upon which there could be levied, under constitutional limitations, sufficient taxes to support the educational system of the city during the coming year. Thereupon the said school board urged the board of equalization to add some $1,500,000 to said assessment.   This, of course, could only be done under their power as an equalization board.   It appears that there was no objection made to an enlarged assessment, but a considerable number of the property owners asked that such increase be brought about by increasing the assessor's valuations proportionately throughout the city.   It was understood by all parties interested that any increase should be placed only upon the real property without structures.   Of course, it is beyond dis-

pute that, if the assessor's valuations were equitable, so that there was left no ground for complaint as between property owners, any increase made by the equalization board should have retained the same proportionate values. Plaintiffs charged and sought to prove that the reason why the method requested by such property owners was not followed was because it was arbitrarily determined by the board of equalization to place some 80 per cent. of the increased burden upon the business property upon the pretext that the owners of residence property were not as well able to pay the additional taxes as were the owners of profit earning property. It appears that some members of said board did make suggestions that the owners of residence property should not be burdened with this extra tax because of lack of ability to pay same; but the members of the board contend that, when it came to the adding of this extra assessment, they determined that the property in the "fire limits" had not been assessed at as high a proportion of its value as that outside of said district, and that their sole aim, and the result reached by them, was the assessing of all real property at as near as possible on the same basis.

[1, 2]  Plaintiffs introduced evidence tending to show that the assessed valuation as equalized was in a few cases excessive in amount, as compared with that of even other real proprty, and also tending to show that a large number of residence properties in said city had been sold and at values much greater in proportion to the assessed valuations placed thereon than the proportion of the true values of the real estate in the "fire limits" to the equalized assessed values thereof. The evidence of selling prices was the prices that appeared in transfers of record in said county. While such evidence might afford some proof that the assessments were out of proportion and might well have been considered by the equalization board, yet, in the absence of any proof whatsoever that these records were brought to the attention of said board, such evidence tended in no manner to establish any willful intent on the part of such board to arbitrarly disregard the law in making the equalization. The evidence upon the question of whether the equalized values of the two classes of real estate were disproportionate when compared with their true values is conflicting. We are not satisfied that, taken as a whole, the one class was equalized at a much, if any, greater percentage of its true value than the other; certainly

there is not such a discrepancy as to indicate an intentional non-compliance with rules governing assessment of property. It does appear that a few tracts of real property, situated in the "fire limits," were equalized at amounts disproportionate to the values placed upon either residence property or other property within the "fire limits." This fact merely tends to prove what is well known, to wit, that assessment officers, no matter how honestly they may endeavor to equitably distribute the burdens of taxation, will make errors which throw unjust burdens upon individuals.

[3] Can mere errors in the judgment of members of an equalization board be corrected through such a proceeding as the one now before us? We think it is clear that they cannot be. Under section 6587, Rev. Code 1919, broad authority is conferred upon the tax commission. It has an authority which is supreme in all matters wherein its members have the right to and do exercise their discretion. Plaintiffs rely upon subdivision 15 of said section, which reads as follows:

"To order the reassessment of real and personal property of any class, in any assessment district, when in the judgment of the commission, such reassessment is advisable or necessary, to the end that any and all classes of property in such assessment district shall be assessed in compliance with law, and for that purpose may require the assessor making the assessment to make such reassessment."

Undoubtedly under the above defendants would have had the authority to have ordered the reassessment of the property of Huron if they believed the assessment invalid, incomplete, or so inequitable and unjust as to make a reassessment "advisable or necessary." We are of the opinion, however, that it is beyond the power of this court to command defendants to order a reassessment of property in any case where the statute gives them a discretion; furthermore we are of the opinion that the ordering of a reassessment is within their discretion unless it be in a case where, under the facts proven, it appears that the purported assessment then standing is void, so that any tax based thereon would be invalid. Being of the opinion that plaintiffs have failed to prove facts establishing the invalidity of the equalization as made by the city board, we are not called upon to determine whether we could have commanded the defendants to order a reassessment in case we had found the facts with plaintiffs.

[4]  It appears that some of the plaintiffs sought a remedy for the claimed inequalities resulting from the action of the city board by taking an appeal to the county board of equalization as authorized by section 6727, Rev. Code 1919. The county board, while recognizing that inequalities existed, saw fit not to act, but asked the defendants to act. The parties who had appeal to said county board did not see fit to appeal from the action of the said board, as they were authorized to do by sections 6727 and 6734, Rev. Code 1919. They therefore lost all right to complain of mere inequalities in taxation. Sioux Falls Savings Bank v. Minnehaha County, 29 S. D. 146, 135 N. W. 689, Ann. Cas. 1914D, 910.

[5]  At the request of the county board, defendants did investigate the action of the city board and determined that it was inadvisable to order a reassessment. Their record, as at first made upon such determination, disclosed that they considered the equalization inequitable in the case of some properties; but they declined to order a reassessment because they were "of the opinion that it would be impossible to assess the amount of property * * * in the short space of time that the work of reassessment would have to be completed." Plaintiffs urge that the above does not disclose the exercise of any discretion, but rather a clear error in a matter of law. If it were true that said defendants have not exercised the discretion with which they are vested, such fact might authorize this court to compel them to exercise such discretion; but since this proceeding was instituted defendants have made a further and more complete record showing the reasons why, in their judgment, it would be inadvisable to order a reassessment. They have made this new record a part of their return to the application for the writ prayed for herein. There is therefore nothing to which a writ of this court could now be properly directed.

The writ prayed for is denied.

Judge McNENNY, of the Eighth circuit, sitting in place of McCOY, P. J., disqualified.