CHICAGO, ST. P., M. & O. RY. CO., Appellant, v. MUNDT, County Treasurer, Respondent.

(229 N. W. 394.)

(File No. 6964. Opinion filed February 28, 1930.)

*Caldwell & Burns,* of Sioux Falls, and *William T. Faricy,* of St. Paul, Minn., for Appellant.

*M. Q. Sharpe,* Attorney General, *Lucius J. Wall,* of Sioux Falls, and *E. D. Roberts,* Assistant Attorney General, for Respondent.

CAMPBELL, J. Section 6826, R. C. 1919 (originating as section 1, c. 289, Laws 1915), provides as follows:

*"Payment Under Protest.* Any person against whom any tax is levied or who may be required to pay the same, who pays the same under protest to the treasurer authorized to collect the same, giving notice at the time of payment of the reasons for such protest may, at any time within thirty days thereafter, commence an action against such treasurer for the recovery thereof in any court of competent jurisdiction, and if the court determines that the same was wrongfully collected, in whole or in part, for any reason going to the merits of the tax, it shall enter judgment accordingly, and such judgment shall be paid in preference to any other claim against the county, upon the final determination of the action; and the pro rata share of the money so refunded shall be charged to the state and each taxing district which may have received any part of such tax. The right of appeal shall exist to both parties as in other civil actions. No injunction to restrain or delay the collection of any tax claimed to be due shall be issued by any court, but in all cases in which, for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy, except as otherwise expressly provided by this code, shall be by payment under protest and action to recover, as provided in this section."

Plaintiff paid certain taxes under protest, and brought action under the above section for the recovery thereof. The judgment of the court below was in favor of plaintiff as to the recovery, but permitted recovery of the amount paid only without interest, and plaintiff has appealed. The sole question presented is whether or not a plaintiff, who has paid taxes under protest and successfully maintained an action for the recovery thereof under the above statute, is entitled to recover, in addition to the amount actually paid, interest thereon at the statutory rate from and after the payment date.

Some of our tax recovery statutes specifically provide that, if a refund of the amount paid is ordered, the taxpayer shall also recover interest thereon. Sections 6793, 6821, R. C. 1919. In section 6826 above quoted, and in section 6813 there is no specific provision for the payment of interest in connection with the refund. Whether interest should be allowed upon a tax refund upon

general principles in the absence of a statute specifically authorizing interest is a question upon which the authorities are divided. The numerical weight of authority seems somewhat to preponderate in favor of the allowance of interest. The cases will be found collected and discussed in a note in 57 A. L. R. 357, following the case of Schlesinger v. State, 195 Wis. 366, 218 N. W. 440, 57 A. L. R. 352.

This court has previously announced a view upon the question in the case of Zimmerman v. Corson County, 39 S. D. 167, 163 N. W. 711, 713. In that case the plaintiff sought an injunction to prevent the defendant county from collecting certain taxes pursuant to an assessment for the year 1914. The injunction was granted below, and the county appealed, urging, among other points, that injunction would not lie because chapter 289, Laws 1915 (now without substantial change section 6826, R. C. 1919, above quoted), furnished a complete and adequate remedy at law by way of payment under protest and recovery. The plaintiff urged per contra that the remedy afforded by that statute was incomplete and inadequate because the statute did not specifically provide for the payment of interest, and, in the absence of specific provision, interest would not be allowed against the county. In passing on that phase of the matter and holding that the injunction had improvidently issued, this court said: "Respondent's suggestion that the remedy is not adequate for the reason that the statute does not in terms authorize a recovery of interest is without merit. It cannot be doubted that plaintiff would be entitled to interest upon any sum wrongfully collected by the county."

Respondent in the present case argues that this rule appears to have been announced in the Zimmerman Case without due care or consideration and rather casually. By force of this argument, respondent seems to have succeeded in persuading the learned trial judge to endeavor to overrule that decision of this court. It appears to us, however, that the matter was directly involved in the Zimmerman Case, and, while it is true that the opinion therein deals with this precise point very briefly and without discussion or citation of authority, as above quoted, nevertheless an examination of the briefs filed in the Zimmerman Case shows that the point was definitely, specifically, and fully presented in respondent's brief therein, and many of the cases were there cited upon which the

present respondent now relies, holding that interest is not allowable on tax refunds in the absence of express statutory provision therefor.

It seems to us the fair, just and reasonable rule that, when the sovereign submits itself to suit, unless the statute expressly provides to the contrary, it should come into court on the same basis as to liability for interest and costs, in the event of adverse decision, as any other suitor. Section 1040, R. C. 1919, as amended by section 1, c. 211, Laws 1923, provides in part as follows:

"Unless within the above limitation, there is an express contract in writing fixing a different rate, interest is payable on all moneys at the rate of seven per cent per annum, after they become due on any instrument of writing, including a judgment, and on moneys lent, or due on any settlement of accounts from the day on which the balance is ascertained, and on moneys received to the use of another and detained from him."

Section 6826, R. C. 1919, forbids injunctive relief against the collection of a wrongful tax, and compels the taxpayer to part with his money and pay the tax, whereupon the sovereign consents to go into court and litigate the question of the rightfulness of payment. We think the sovereign thereby impliedly consents that, for the purposes of that suit, it shall stand as any other suitor, and if judgment is adverse to it, shall stand liable for costs, for interest on the judgment after rendition, and for interest on the amount paid as money had and received from the payment date to the judgment date. Conceding that sovereignty is not subject to suit without its consent, and that a suit to recover taxes paid may be deemed a suit against the sovereign, nevertheless when the sovereign consents to suit it ought not to be given an unfair and arbitrary advantage therein, beyond what is accorded to other suitors similarly circumstanced, unless necessity or the language of a statute so requires. We think Zimmerman v. Corson County announces a rule consonant with justice and supported by many decisions, and we are not now disposed to depart from it merely because it was not treated at more length when announced, or because there is and has been some conflict in the decisions relating to the point.

The judgment appealed from is reversed, and the cause remanded, with directions to enter judgment in favor of appellant as

before, but in addition allowing to appellant interest at the rate of 7 per cent per annum upon the taxes paid under protest from and after the payment date.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.