WILLIAMS, et al, Respondents, v. STANLEY COUNTY BOARD OF EQUALIZATION, Appellant

(7 N. W.2d 148.)

(File No. 8557. Opinion filed December 17, 1942.)

**F. W. Lambert,** of Fort Pierre, **Leo A. Temmey,** of Huron, and **Charles P. Warren,** of Pierre, for Appellant.

**J. F. Callahan,** of Fort Pierre, and **Byron S. Payne,** of Pierre, for Respondents.

SICKEL, Circuit Judge. Leon A. Williams and Louis E. Beland are the owners of 8572 acres of land in Stanley County. They petitioned the County Board of Equalization for a reduction in the valuation of their 1940 assessment on this land. This petition was denied by the Board and the owners then appealed to the Circuit Court. The action was tried de novo. Findings and judgment were entered reducing the assessed valuation of the land, and from that judgment the county has appealed to this court.

The county admits that the valuation of the land in question by the assessment officers at $3.21 per acre exceeded its actual value, and does not dispute that $1.63 per acre was its actual value. The county claims, however, that no reduction in value was necessary to effect uniformity as to this land and other property of the same class; that the owners were not injured by the assessed valuation

placed on the land by the assessment officers, and that therefore the court was without jurisdiction or authority of law to reduce the assessment to actual value.

The owners of the land admit that the assessment of $3.21 per acre was uniform with other property of the same class, but claim that they were entitled to have their assessment reduced to actual value, regardless of any question of uniformity; that they were injured by the excess valuation to the extent that their taxes were increased thereby, and that the court was authorized by law to reduce the assessment to actual value. The trial court entered judgment reducing the assessed valuation from $3.21 per acre to $1.63 per acre, and this judgment has been assigned as error by appellant.

Article XI, section 2, of the State Constitution provides that "the valuation of property for taxation purposes shall never exceed the actual value thereof."

Section 57.0407 of the code provides: "[The County Board of Equalization] shall reduce the valuation of each tract or lot, which in its opinion is returned above its true and full value, to such price and sum as it believes to be the true and full value thereof."

These provisions of the Constitution and of the statute establish the right to an assessed valuation which does not exceed the actual value of the property taxed, and when excessive valuation has been shown the owner is entitled to relief though there is no proof that a reduction is necessary to effect uniformity with other property of the same class. Hanson v. Local Board of Review, Iowa, 4 N. W.2d 384; Des Moines Gas Co. v. Saverude, 190 Iowa 165, 180 N. W. 193; Lyons v. Board of Equalization, 102 Iowa 1, 70 N. W. 711; In re Assessment of Osage & Okl. Gas Co.; 35 Okl. 154, 128 P. 692; Underwood Typewriter Co. v. City of Hartford, 99 Conn. 329, 122 A. 91.

The case of Hanson v. Local Board, supra, was an appeal from the Board of Review to the District Court. The issue was whether the assessed values were excessive. The statute required that assessments be based on actual value,

and the court said: "The question with which we are confronted is substantially this: Should the court interfere with assessed values fixed by the assessor and confirmed by the local board of review merely because they are excessive, when it appears that they are not discriminatory or inequitable as compared with the assessed values of similar property in the same taxing district? We answer in the affirmative." [4 N. W.2d 386.]

In Des Moines Gas Co. v. Saverude, supra, the court considered an appeal to the District Court from a decision of the Board of Review refusing to reduce an assessment. The only issue before the Board or before the court was the value of the property. The opinion states [190 Iowa 165, 180 N. W. 195]: "We have held that on appeal to the district court it is the duty of the court to do that which it was claimed the board failed to do; that is, make a just and equitable assessment. On appeal the court becomes the assessing tribunal, which is clothed with authority to determine anew the sum in which the taxpayer is to be assessed. By the appeal the assessment by the board of review is superseded, and the assessment again made by the court." (Cases cited.)

In the case of Lyons v. Board of Equalization, supra, the property owner appealed from the Board of Equalization to the District Court. The issue was the valuation of plaintiff's property for assessment purposes. It was held that the court, "Was in no way bound, affected, or precluded by the assessment made by the board of equalization. It was not sitting as a court for the purpose of ascertaining whether or not the board had honestly performed its duties according to its best judgment. The district court in such cases acts independently of, and without reference to the action of, the board. * * * These cases are triable de novo."

In Underwood Typewriter Co. v. City of Hartford, supra, the appeal was from the taxing board to the Superior Court. The Supreme Court referred to the statutory requirement that all property shall be assessed at its present true and actual valuation, and said that this provision, "Is

plain and its meaning is unmistakable, and the provision is mandatory and unavoidable. For the purpose of taxation no valuation of any taxable property except its 'present true and actual valuation' is legal, and no taxation is valid which does not strictly comply with the law." [99 Conn. 329, 122 A. 93.]

■■ The county also claims that the judgment of the Circuit Court is void because it reduces the assessment on the land below that of other property of the same class and says that this is a violation of the provisions of section 57.-0406 of the code. That section prohibits the Board of Equalization from creating inequality by raising or lowering assessments on separate tracts of real property. This statute has the same effect as the provision of Article XI, section 2, of the Constitution which relates to uniformity, and the statute imposes no additional duty or limitation upon the authority of either the Board of Equalization or the court. It must be borne in mind that this proceeding came before the Circuit Court on appeal by the owners of the land. On that appeal the court had jurisdiction of the issue as to the assessment of this land only. Naturally the only rights which the court was authorized to adjudicate were the rights of the owners of this particular land. The fact that the owners of other land who were similarly situated have waived objection to their assessments by voluntary payment or by failing to appeal, can have no effect upon the rights of the owners of the land in this proceeding. Chicago R. I. & P. R. Co. v. Young, 60 S. D. 291, 244 N. W. 370.

■ The county also claims that the owners of taxable property are not injured by overvaluation where there is no lack of uniformity. This hypothesis ignores the two provisions of law which unite to create a limitation on the burden of taxes which any property may be required to bear. First, there is the provision of the Constitution which limits the assessment to actual value, and to which we have already referred; and second, there is the provision of statute which limits the levy on the owners' property in this case to 9.5 mills computed on that valuation. The county

admits that the levy on this land was 9.5 mills, the limit permitted by law. The excessive valuation made possible a levy of a tax on this land in an amount equal to almost twice the amount that could have been levied on the basis of actual value. This was a substantial injury accomplished by an illegal assessment.

Since the owners of the land are entitled to the reduction in valuation to $1.63 per acre on the basis of the admitted facts in this case, the only remaining question presented by appellants is the authority of the Circuit Court.

An appeal from the Board of Equalization to the Circuit Court is taken under the authority of section 57.0411 of the code. This statute provides that any person may appeal from the decision of the Board of Equalization to the Circuit Court "within the same time and in the same manner and upon the same conditions and terms as other appeals may be taken from decisions of a Board of County Commissioners."

Other appeals from decisions of the Board of County Commissioners are authorized by section 12.0618 of the code which contains the following provision: "From all decisions of the board of county commissioners upon matters properly before it, there shall be allowed an appeal to the Circuit Court by any person aggrieved."

The procedure on appeal is governed by Section 12.0620 which provides: "All appeals thus taken to the Circuit Court shall be docketed as other causes pending therein and the same shall be heard and determined de novo. The Circuit Court may make a final judgment and cause the same to be executed or may send the same back to the board of county commissioners with an order how to proceed, and require such board to comply therewith by mandamus or attachment as for contempt."

[5] It has long been a settled rule in this state that the Circuit Court will not entertain appeals from the County Board under these statutes in matters of political character merely, but that such appeals will lie in matters of a quasi judicial character. Pierre Water-Works Co. v. Hughes

County, 5 Dak. 145, 37 N. W. 733; Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471.

 In Pierre Water-Works Co. v. County of Hughes, supra, the owners applied to the County Board of Equalization for a reduction in the assessed valuation of their property. The application was denied and the owners appealed to the Circuit Court. There the appeal was dismissed on the ground that the decision of the Board was not appealable. The Supreme Court held that the decision of the Board of Equalization was quasi judicial, and as such was appealable under what are now sections 12.0618 and 12.0620 of the code of 1939.

 The appellant also claims that decisions of Boards of Equalization are final except where the Board is without jurisdiction or where the Board is guilty of what constitutes fraud in fact or in law. Sioux Falls Savings Bank v. Minnehaha County, 29 S. D. 146, 135 N. W. 689, and other cases. That rule applies to independent original actions in which decisions of administrative boards are involved, but has no application to an appeal from a quasi judicial decision of such a board under a statute requiring that the appeal "shall be heard and determined de novo." In these cases the issues to be tried in the Circuit Court are the issues presented by the record of the Board and passed on by it. The powers of the court in such cases are the same as those possessed by the Board. In re Skelly's Estate, 21 S. D. 424, 113 N. W. 91; Shaw v. Shaw, 28 S. D. 221, 133 N. W. 292, Ann. Cas. 1914B, 554; Hoyt v. Hughes County, supra.

For the reasons given, the judgment of the Circuit Court is affirmed.

SICKEL, Circuit Judge, sitting in place of ROBERTS, J., disqualified.

All the Judges concur.

No costs to be taxed.