YUSTEN, Appellant v. MORRISON, Respondent

(103 N.W.2d 653)

(File No. 9822. Opinion filed June 14, 1960)

Rehearing denied August 18, 1960.

**Bogue & Weeks,** Vermillion, for Plaintiff and Appellant.

**Robert T. Antony,** State's Atty., Vermillion, for Defendant and Respondent.

ROBERTS, P.J.   Plaintiff appeals from a judgment for the defendant in an action which was commenced to obtain a refund of an alleged illegal portion of taxes levied on two lots and the improvements thereon in the city of Vermillion and which taxes had been paid under protest to the defendant county treasurer.

The complaint alleges in substance that the assessment as outlined therein was in excess of sixty per cent of the actual value of plaintiff's property and therefore viola-

tive of the constitution and the statutes of this state to the extent of the excess. The trial court found that a taxable value of $30,985 was placed on the property which is sixty per cent of $51,640 assessed as its true and full value in money; that the actual value of the property did not exceed $26,000; and that plaintiff did not make complaint to either the city or county board of equalization. The court concluded that plaintiff not having exhausted his remedy before the proper administrative board having the initial power to correct errors in assessment was in the present action precluded from attacking the assessment.

Sec. 2, art. 11, of the Constitution of this State provides that "the valuation of property for taxation purposes shall never exceed the actual value thereof".

SDC 57.0334 as amended by Chap. 459, Laws 1957, provides: "All property shall be assessed at its true and full value in money but only sixty per cent of such assessed value shall be taken and considered as the taxable value of such property upon which the levy shall be made and applied and the taxes computed."

The legislature has provided an administrative procedure to be followed by a taxpayer for relief in case of an excessive or improper assessment. There is a local board of equalization for each township, town, city, or other assessment district and such boards are charged with the duty of correcting the assessments "so that each tract or lot of real property * * * shall be entered on the assessment roll at the true value thereof, * * * All complaints and grievances of individuals, residents of the township, town or city taxing district, in reference to the assessment of property shall be heard and decided by the board." SDC Supp. 57.0401, as amended by Chap. 459, Laws 1953. The county commissioners, or a majority of them, with the county auditor constitute a board for the equalization of the assessment of property. SDC 57.0405. An appeal may be taken by any person aggrieved from the decision of a local board of equali-

zation to the county board. SDC 57.0404. An appeal under the provisions of SDC 57.0411, as amended by Chap. 461, Laws 1957, may be taken from the decision of the county board of equalization to the circuit court "within the same time and in the same manner and upon the same conditions and terms as other appeals may be taken from decisions of a board of county commissioners."

In Holbrook v. Gallagher, 56 S.D. 54, 227 N.W. 461, it is held that before a taxpayer may apply for judicial relief from an alleged error in valuation he must exhaust his remedies before the boards of equalization empowered to correct the error. Cited for this holding, among other decisions, are Bagley Elevator Co. v. Butler, 24 S.D. 429, 123 N.W. 866; Sioux Falls Savings Bank v. Minnehaha County, 29 S.D. 146, 135 N.W. 689; Beadle County v. Eveland, 43 S.D. 447, 180 N.W. 65. This is accepted as a settled principle by text writers. Cooley Taxation, 4th Ed., § 1201, states the rule thus: "In other words if a remedy for an excessive or improper assessment of an individual, by proceedings before an officer or board, is provided for by statute, a taxpayer cannot resort to the courts in the first instance, and if he neglects to duly avail himself of the statutory remedy before the officer or board he is precluded from thereafter attacking the assessment except for jurisdictional defects, * * * And the general rule is that if one fails to appeal to the statutory board of review, he can have no remedy in the courts." See also Webster v. Cressler, 65 S.D. 571, 276 N.W. 263.

Plaintiff contends that there is a distinct difference between cases in which it may properly be said that an error is one of unequal or disproportionate assessment by the assessor acting within the powers granted to him resulting merely in an erroneous assessment and those cases in which an assessment is a nullity because the assessor acted beyond his power. See Sioux Falls Savings Bank v. Minnehaha County, supra. It may be conceded that where an attempted assessment is a nullity because the property is tax exempt or outside the jurisdiction there is no question of valuation which must be presented to the

local board of equalization for correction as a condition for judicial relief. Plaintiff's theory is that the action of the assessor in fixing a taxable value in excess of the actual value was in direct contravention of the constitution and that relief from the illegal tax did not require that he resort to the boards of equalization before recourse to the courts. Plaintiff relies upon Williams v. Stanley County, 69 S.D. 118, 7 N.W.2d 148 and Tidball v. Miller, 72 S.D. 243, 32 N.W.2d 683, holding that a taxpayer is entitled to relief from an assessment based upon a valuation higher than that permitted by constitutional and statutory provisions without regard to uniformity. We point out that the taxpayers in these actions appeared before local boards of equalization and objected to excessive valuations and from the refusal of the boards to reduce the valuations sought judicial relief by appeal.

The assessment here was not wholly void. Claiming that the property was assessed in excess of actual value plaintiff was entitled to apply to the local board of equalization for reduction notwithstanding the absence of discrimination in valuation and assessment between the plaintiff's property and similar property in the same taxpaying district. Sheraton-Midcontinent Corp. v. County of Pennington, 77 S.D. 554, 95 N.W.2d 892. The assessment was not a nullity because the property was either tax exempt or outside the jurisdiction. The local board of equalization had the power to correct the alleged error and resort to the board of equalization was not rendered unnecessary for the reason that the assessment was assailed on the ground that it was in violation of a constitutional mandate.See Security-First Nat. Bank v. Los Angeles County, 35 Cal.2d 319, 217 P.2d 946; Eastern-Columbia, Inc. v. Los Angeles County, 61 Cal.App.2d 734, 143, P.2d 992; Blair v. Potter, 132 Mont. 176, 315 P.2d 177; Scudder v. County of Buffalo, 170 Neb. 293, 102 N.W.2d 447.

The judgment appealed from is affirmed.

All The Judges concur.