CHICAGO & NORTH WESTERN RAILWAY CO., Respondent v. SCHMIDT et al., Appellant and CHICAGO & NORTH WESTERN RAILWAY CO., Appellant v. ASPER, Co. Treas., Respondent

(180 N.W.2d 233)

(Files Nos. 10721, 10752. Opinion filed October 7, 1970)

**M. T. Woods, Woods, Fuller, Schultz & Smith,** Sioux Falls, for the Chicago and North Western Railway Co.

**Gordon Mydland,** Atty. Gen., **John Dewell,** Asst. Atty. Gen., Pierre, for Lowell Schmidt, and others, and Selma Asper, County Treasurer, Lincoln County.

HOMEYER, Judge.

These related appeals involve litigation which twice before has been in this court for review. Chicago and North Western Railway Company v. Gillis, 82 S.D. 470, 148 N.W.2d 581 and 83 S.D. 332, 159 N.W.2d 293. The reported opinions show an overassessment of the operating property of the railway company for the year 1963 resulting in excessive taxes. The narrow question for decision is whether such

company is entitled to interest on the amount paid on the overassessment and, if so, the procedure applicable.

The railway company owns property in 41 counties in South Dakota. Before the taxes were delinquent it paid such taxes under protest with notice and commenced separate. actions to recover the excessive taxes against the treasurer in each county as provided by SDCL 10-27-2.

In our opinion the railway company's right to interest is controlled by the decision of this court in Chicago, St. P., M. & O. Ry. Co. v. Mundt, 56 S.D. 530, 229 N.W. 394 and we are not persuaded to depart from that precedent or its reasoning. Some effort has been made towards distinguishing the cases. We fail to see any substantial difference and none which we feel should cause us to overrule that decision. Consequently, we hold the railway company was entitled to interest on the amounts due it from the date of payment.

The railroad's operating property was assessed by the Department of Revenue and protest was made before the state board of equalization. SDCL 10-28-16. That board equalized the assessment and the railroad appealed to the circuit court. SDCL 10-38-4, 10-11-43 and 7-8-27. Our decisions supra were on appeals from judgments of the circuit court.[1]

---

1. On the first appeal the judgment was reversed "and the cause remanded with directions to the trial court to make findings of fact which will include the full and true value of North Western's operating property and conclusions of law on the present record within the guide lines of this opinion and enter a judgment requiring respondents so authorized to apportion and certify the appropriate portion thereof to the proper officers of counties where the railroad operating property is located."

On the second appeal the judgment was reversed "with instructions to enter findings of fact, conclusions of law and a judgment in conformity to this opinion. That judgment should require respondents to apportion and certify the appropriate portions of the systemwide valuation of the North Western's operating properties to the proper officials of the counties where its operating property is located, as by law provided."

It appears the trial court pursuant to the remands fixed and determined the taxable value of the operating property for the year 1963 and directed certification of appropriate proportions to the various counties. When computed, the county treasurers tendered refunds based on such valuations without interest, which the railway company refused to accept. The Commissioner of Revenue then moved the court in the valuation proceeding for an order that such refunds be made without interest. On May 13, 1969, the court entered a Supplement to Judgment requiring interest to be paid on the tax refunds from the date of payment. The Commissioner has appealed from this determination.

On June 13, 1969, the complaint was filed in the action to recover the excessive tax involved in Appeal No. 10752.[2] Among other things it alleged there was due the plaintiff-appellant upon over-payment of the 1963 taxes the sum of $263.46, which had been tendered without interest, and asked judgment for that amount plus interest from date of payment and costs. The answer pleaded the proceedings in the prior appeals and the defense of res judicata because of the Supplement to Judgment allowing the railway company interest mentioned supra and asked that the complaint be dismissed.[3]

Defendant-respondent's motion to dismiss contained in the answer was heard upon notice given by the plaintiff. The court granted the motion on the basis that the relief sought had been granted in prior valuation proceedings when the court entered its Supplement to Judgment allowing interest. The plaintiff has appealed from the Order of Dismissal.

---

2. The summons was served on May 5, 1964. SDCL 15-2-30 provides an action is commenced with the service of the summons upon a defendant. A copy of the complaint need not be served with the summons. SDCL 15-6-4(b). Service of the complaint was admitted on June 11, 1969.

3. Paragraph VI of the complaint alleges commencement of the action and a stipulation with the defendant to defer service of the complaint and answer until the appeal proceedings reached final determination. The answer admits this paragraph.

■ Under our statute, SDCL 7-8-30, appeals from county board of equalization to the circuit court, Williams v. Stanley County, 69 S.D. 118, 7 N.W.2d 148, In re Robinson, 73 S.D. 580, 46 N.W.2d 908, and from the state board to the circuit court, Chicago and North Western Railway Company v. Gillis, 82 S.D. 470, 148 N.W.2d 581, are heard and determined de novo. The powers of the circuit court are the same as those of the equalization board. The court exercises independent judgment where excessive valuation is claimed. In effect, it sits as another board of equalization.

■ In our opinion the trial court exceeded the mandate of this court when it allowed interest in the valuation proceeding. Sitting as a board of equalization its authority was limited to reducing the assessment and directing its apportionment among the taxing counties. While the court reached a correct conclusion in allowing interest, it lacked power to do so in the valuation proceeding and the Supplement to Judgment is therefore set aside.[4]

■ Because the right to recover interest was not adjudicated in the suit to recover excessive taxes paid under protest the trial court erred in dismissing that action. The Order of Dismissal is reversed and the cause remanded with instructions to proceed in conformity with this opinion.

All the Judges concur.

---

4. The court is aware technically the question of the right to interest here disposed of may have been prematurely decided. It would more properly have been presented by an appeal from a judgment allowing interest in the suit to recover taxes paid under protest.