CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Petitioner and Appellant,

v.

The BOARD OF COMMISSIONERS OF WALWORTH COUNTY, South Dakota, et al., Respondents.

No. 11584.

Supreme Court of South Dakota.

Dec. 31, 1976.

Lloyd C. Richardson, Jr., and Chester A. Groseclose, Jr., of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for petitioner and appellant.

Robert R. Slocum, Walworth County State's Atty., A. N. Buckmeier, of Bormann & Buckmeier, Mobridge, for respondents.

EVANS, Circuit Judge.

This is an appeal from a judgment denying appellant's application for a writ of mandamus. The writ sought to require Walworth County to pay or make provisions to satisfy a judgment previously entered by the circuit court in an appeal from the State Board of Equalization, fixing the 1967 valuation of appellant's operating property.

Appellant is a railroad company subject to the central assessment of its operating property for taxation purposes. In September of 1967, it appealed from the decision of the State Board of Equalization to the circuit court. This appeal raised issues which were then on appeal to this court in other cases. Appellant and the State Department of Revenue agreed to hold further proceedings in the circuit court appeal in abeyance pending disposition of the other appeals. Appellant made timely payments of its 1967 taxes, the first half not paid under protest and the second half paid under protest, but no action was brought thereon within thirty days as contemplated by SDCL 10–27–2.

In November of 1971, after this court had decided the issues in the other cases, appellant and the State Board of Equalization stipulated to the average assessment ratios, equalization factor, and to an obsolescence factor to be applied to all of appellant's operating property in each of the forty-four counties in the state. This stipulation, which was filed with the circuit court, applied these factors against the respective amounts paid by appellant, determined the amount appellant should have paid in each county, determined the amount of refund, and stipulated that judgment should order a refund of the overpayment with interest at six percent from the date the taxes were paid.

The circuit court entered a judgment that ordered and decreed that the county auditor, treasurer and other officials refund and pay appellant $13,725.85, plus six percent interest, and directed the clerk of courts of Brown County to transmit the judgment to each affected county. Although the judgment recites that a stipulation was made and that the facts contained therein were reasonable and true representations, the judgment does not set forth the valuation or other figures which were in the stipulation. After Walworth County refused to pay appellant the amount of the judgment, appellant brought this action in mandamus to require payment.

Respondent, in answer to the alternative writ of mandamus, contended that the judgment was invalid because:

1. Respondent was not a party to the proceedings.

2. Appellant did not protest the tax payment and sue to recover as provided by SDCL 10–27–1 and 10–27–2.

3. The circuit court had no authority to enter a money judgment or order a refund with interest.

The first issue we discuss is whether appellant was required to pay the taxes under protest and bring suit within thirty days against the county treasurers to recover the same. SDCL 10–27–1, which is referred to as the "Protest and Suit Statute," provides:

"No injunction to restrain or delay the collection of any tax claimed to be due shall be issued by any court, but in all cases in which, for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy, *except as otherwise expressly provided by this code*, shall be by payment under protest and action to recover, as provided in § 10–27–2." (emphasis supplied)[1]

■ One remedy excepted from the protest and suit statute is the refund and abatement statutes found in SDCL 10–18–1 and 10–18–2 as provided in SDCL 10–18–12. *Casey v. Butte County*, 1927, 52 S.D. 334, 217 N.W. 508. There is no other statutory remedy which the code expressly excepts from this statute.

Appellant contends that the protest and suit statute does not provide a remedy which was open to a centrally assessed taxpayer contesting the valuation and assessment of its property as provided in SDCL 10–38, or if available is not the exclusive or mandatory remedy.

■ SDCL 10–38 provides that all utilities assessed by the Department of Revenue have an opportunity for a hearing before the Department for the purpose of determining the true and full value of such utility, with a right to appeal to the State Board of Equalization and to appeal thereafter to the circuit court and to this court. Such appeals may be pending when the tax becomes due and delinquent if not paid. The court cannot issue an order restraining collection of the tax and the county would be authorized to seize and sell appellant's engines or other property to have the tax paid. If a taxpayer paid the tax and

brought suit within thirty days to recover the tax, his suit would be subject to dismissal for failure to exhaust administrative remedies.

*Yusten v. Morrison*, 1960, 78 S.D. 426, 103 N.W.2d 653, held that before a property taxpayer may apply for judicial relief from an alleged error in valuation, he must exhaust his remedies before the board of equalization empowered to correct the error. Other similar cases are *Holbrook v. Gallagher*, 1929, 56 S.D. 54, 227 N.W. 461; *George C. Bagley Elevator Co. v. Butler*, 1909, 24 S.D. 429, 123 N.W. 866; *Sioux Falls Savings Bank v. Minnehaha County*, 1912, 29 S.D. 146, 135 N.W. 689; *Beadle County v. Eveland*, 1920, 43 S.D. 447, 180 N.W. 65.

■ We determine that appellant could seek relief under SDCL 10–38 and was not required to pay its taxes under protest or bring suit thereon within thirty days. The legislature, by setting up the procedure for valuation and a method for the taxpayer to contest the same and appeal therefrom, thereby provided a "remedy as otherwise provided by this code" as excepted from the protest and suit statute. Further support that the protest and suit statute does not apply is found in SDCL 10–38–14, which requires the Commissioner of Revenue to redetermine the taxable value of property whenever any tax assessment shall have been set aside by a court, whether any part of the taxes assessed or levied has been paid or not. The purpose of the protest and suit remedy is to permit taxing districts which have made levies for their needs to receive the contemplated revenue whereby they will not be crippled in operation, and disputes with reference to the legality thereof are to be deferred for subsequent decision with the opportunity to make adequate pro-

1. SDCL 10–27–2 provides:

"Any person against whom any tax is levied or who may be required to pay the same, who pays the same under protest to the treasurer authorized to collect the same, giving notice at the time of payment of the reasons for such protest may, at any time within thirty days thereafter, commence an action against such treasurer for the recovery thereof in any court of competent jurisdiction, and if the court determines that the same was

wrongfully collected, in whole or in part, for any reason going to the merits of the tax, it shall enter judgment accordingly, and such judgment shall be paid in preference to any other claim against the county, upon the final determination of the action; and the prorata share of the money so refunded shall be charged to the state and each taxing district which may have received any part of such tax. The right of appeal shall exist for both parties as in other civil actions."

visions for refund if adjudged. *Salem Independent School Dist. v. Circuit Court*, 1932, 60 S.D. 341, 244 N.W. 373. These purposes have been accomplished by the payment of the tax and the appeals already taken. To require appellant to bring on an additional forty-four suits, one in each county, with the resultant expense to all parties and with all parties being powerless to proceed with the issues until the valuation appeals were concluded would be a nearly useless requirement.[2]

If we were dealing with a locally assessed taxpayer, the county would have already been a party or participant to the dispute in the valuation proceedings and appeals therefrom. Nothing further would have been gained by such county by the taxpayer's bringing an additional suit. The only difference is that with a centrally assessed taxpayer the Department of Revenue acts for each of the counties concerned.

■ The next issue is whether the judgment that was entered by the circuit court in the appeal from the State Board of Equalization was invalid because respondent was not a party to the proceedings. Respondent successfully argued in the lower court that the judgment entered in November 1971 was ineffectual because the officials of Walworth County did not join in the stipulation for judgment, were not joined in the appeal, did not participate in the appeal, and were therefore denied due process.

There is no statute that requires a county official to be joined in an appeal. In *Williams v. Book*, 1953, 75 S.D. 173, 181, 61 N.W.2d 290, 294, we said:

"The power of the legislature in the control of counties and other political subdivisions is unrestrained by requirements of due process." (authorities cited)

In *State v. Board of Com'rs of Edmunds County*, 1916, 36 S.D. 606, 156 N.W. 96, it was argued that the statute that would require the county commissioners to issue a warrant on claims by the state treasurer to reimburse the state treasury for expenses incurred in counties' accounts, without giving the commissioners the right of appeal, would amount to taking the property of the people of the county without due process. The court rejected that argument saying:

"In answer to that we may observe that a county is merely a governmental subdivision of the state. In *Stuart v. Kirley*, 12 S.D. 245, 81 N.W. 147, this court said:

'It is too well settled to require the citation of authorities that counties are local subdivisions of the state for governmental purposes, created by the sovereign power of the state, without the consent or concurrent action of the people who inhabit them.' (citation omitted)

There is nothing in the Constitution that limits the authority of the Legislature relative to the fiscal affairs of counties. * * * If it chooses to lay upon a state officer certain duties that might have been laid upon the officers of the county, that is solely a matter of legislative policy. * * *

We therefore conclude that the county, being merely a governmental subdivision of the state, is not deprived of any of its constitutional rights by statutes which make the state auditor the auditing officer of the accounts in question, and that, as the county board has no discretion in the matter, its rejection of the claims amounted to nothing, and that mandamus is the proper remedy."

In *City of Sioux Falls v. State Board of Equalization*, 1973, 87 S.D. 106, 203 N.W.2d 419, we held that the city, school district and county could appeal from the action of the State Board of Equalization determining the valuation of property within their district. We pointed out that:

"The proceedings before the State Board of Equalization and appeals from

---

2. In *Chicago and Northwestern Railway Co. v. Schmidt*, 1970, 85 S.D. 223, 180 N.W.2d 233, the taxpayer, while exhausting administrative remedies, paid its tax under protest and commenced suit in each of 41 counties. The summons was served without a complaint and the parties stipulated to defer service of the complaint and answer until the appeal proceedings were determined.

the action of the board are statutory. There is no provision in the statutes relating thereto for the appellants to participate in the hearings before said board nor are appellants given any notice with reference thereto."

While the legislature could have committed the assessment of railroad property to the county, it was not required to do so. To secure uniform assessment of property, the legislature provided for assessment at the state level. The county is not entitled to any due process except as provided by the legislature. There being no statute requiring that the county be given any notice or that it be made a party to a proceeding on an appeal to the circuit court from the decision of the State Board of Equalization, the circuit court judgment cannot be invalid for that reason.

A final issue is whether the circuit court on the appeal from the State Board of Equalization had authority to enter a money judgment against Walworth County and order that payment be made with interest.

 The authority of the circuit court on an appeal from an administrative agency is usually determined by the statute authorizing the appeal. An appeal under the Administrative Procedures Act provides for a limited scope of review and limited disposition of the case. SDCL 1–26–36. The standard of review is whether there is substantial evidence to support the court's finding, and the court cannot substitute its judgment for that of the agency. *Application of Ed Phillips & Sons Co.,* 1972, 86 S.D. 326, 195 N.W.2d 400. Generally under this type of statute, the power of the reviewing court ends after deciding the correctness of the matter under review, and the matter is affirmed or goes back to the administrative agency for reconsideration. Am.Jur.2d, Administrative Law, § 763,765.

 This appeal is pursuant to SDCL 10–11–43, which provides that the appeal shall be taken from the State Board of Equalization in the same form and manner as appeals are taken from the decision of the board of county commissioners to such court. The appeal shall be heard and determined de novo, SDCL 7–8–30, and the circuit court may make a final judgment and cause the same to be executed or may send the same back to the board. SDCL 7–8–31. The court is the final act in the assessment process. In effect it sits as another board of equalization. *Appeals of Chicago and North Western Railway Co.,* 1971, 85 S.D. 613, 188 N.W.2d 276.

In *In re Robinson,* 1951, 73 S.D. 580, 46 N.W.2d 908, citing *Williams v. Stanley Co. Board of Equalization,* 1942, 69 S.D. 118, 7 N.W.2d 148, we said:

"The powers of the circuit court are the same as those possessed by the equalization board; that is, authority to determine anew the assessed valuation of the taxpayer's property."

In *Chicago and Northwestern Railway Co. v. Schmidt,* 1970, 85 S.D. 223, 180 N.W.2d 233, the circuit court had fixed and determined the taxable value of the operating property for the year 1963 and directed certification of appropriate portions to the various counties. One county treasurer tendered refunds without interest and the circuit court entered a supplement to its judgment requiring interest to be paid on the refunds. A second action in circuit court was also commenced wherein it alleged the tax refund due and that the sum had been tendered without interest and requested judgment for that amount, plus interest from the date of the payment of the taxes. The circuit court denied the relief because it had been granted in the valuation proceedings. When both cases were appealed, this court said:

"The powers of the circuit court are the same as those of the equalization board. The court exercises independent judgment where excessive valuation is claimed. In effect, it sits as another board of equalization.

In our opinion the trial court exceeded the mandate of this court when it allowed interest in the valuation proceeding. Sitting as a board of equalization its authority was limited to reducing the assessment and directing its apportionment

among the taxing counties. While the court reached a correct conclusion in allowing interest, it lacked power to do so in the valuation proceeding * * *.

Because the right to recover interest was not adjudicated in the suit to recover excessive taxes paid under protest the trial court erred in dismissing that action."

■ This above cited case, in effect, points out that the "final judgment" as that term is used in SDCL 7–8–31 does not mean a judgment declaring the amount of tax to be refunded but a judgment determining the valuation of the property.

■ This court in past cases has always seen fit to approve or require the trial court to remand the proceedings to the Department of Revenue for certification of the proper valuation or portion of the taxable value of the property to the counties. *Chicago and North Western Railway Co. v. Gillis,* 1967, 82 S.D. 470, 148 N.W.2d 581 and 1968, 83 S.D. 332, 159 N.W.2d 293; *Appeals of Chicago and North Western Railway Co.,* 1971, 85 S.D. 613, 188 N.W.2d 276. This is consistent with SDCL 10–28–16 to 10–28–18 inclusive. However, SDCL 7–8–31 does allow the court to make a final judgment and cause the same to be executed. If the November 1971 judgment had been properly entered, the court in the mandamus action should have granted relief. However, that portion of the November 1971 judgment that orders the Walworth County Auditor, Treasurer and other officials to refund and pay appellant $13,725.85; and that portion of the judgment directing that the payment be made with interest exceeded the jurisdiction of the circuit court on the appeal. If the judgment had determined the valuations and other factors, or the taxable value of the property, or incorporated the stipulation as part of the judgment, or set forth in the judgment the factors for valuation set forth in the stipulation, this court may have been able to treat such judgment determining the refund and order directing payment with interest as surplusage. Since the judgment of the circuit court did nothing but order

certain county officials to refund a certain sum to appellant, the circuit court in the mandamus proceeding properly denied appellant relief. However, we are remanding this case to the circuit court to allow appellant a reasonable time in which to modify or appropriately correct the November 1971, judgment.

All the Justices concur.

EVANS, Circuit Judge, sitting for DUNN, C. J., disqualified.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.